## HOOD *v.* HOOD *et al.*

Where an application for the setting apart of a year's support to an alleged widow, from the estate of a named decedent, is resisted upon the grounds that the caveatrix is the widow of the decedent, and that the marriage of the applicant to the decedent was void, because at the time of such marriage the caveatrix, who had previously been married to the decedent, had never been legally divorced from him, upon the trial of a case thus made, on appeal to the superior court, it is error to allow an amendment to the caveat, setting up, in substance, that while there was a judgment and decree of divorce between the caveatrix and the decedent, it was void because the decedent in his libel for divorce against the caveatrix, his then wife, had alleged that she was a non-resident of the State of Georgia and that her whereabouts was unknown to him, when in fact he knew, at the time of filing the petition, that the defendant named therein was a resident of a named county in the State of Georgia. Such an amendment is a collateral attack upon the judgment and decree in the divorce proceedings,—a judgment of a court having jurisdiction of the person and the subject-matter, and presumed to be regular and valid until set aside by the court rendering the same. Such an attack as this can only be made in a direct proceeding to set aside the judgment, and not collaterally.

                         JUNE 30, 1915.

Application for year's support—appeal. Before Judge Little-john. Macon superior court. July 29, 1914.

Mrs. D. T. Hood, alleging herself to be the widow of D. T. Hood, made application to the court of ordinary of Macon county for the setting apart of a year's support for herself and minor child, out of the estate of her alleged deceased husband. Appraisers were appointed, and citations were duly issued and published. Thereupon came Mrs. Nannie Hood, claiming to be the lawful wife of the decedent, D. T. Hood, and filed a caveat to the application. With the caveatrix named joined certain other parties alleging themselves to be the lawful children of the decedent. They contested the setting apart of a year's support to the applicant, on the grounds, that she was not the lawful wife and widow of the decedent; that the caveatrix, Mrs. Nannie Hood, and D. T. Hood,

the decedent, had intermarried about the year 1888; that they lived together as husband and wife in Spalding county, Georgia, until the year 1902, when the decedent abandoned his wife, Nannie, and left her in Spalding county, Georgia, and subsequently entered into a void marriage with Josephine Watkins, the applicant for a year's support. The case went by appeal to the superior court; and when it came on there to be tried, the caveators offered the following amendment: "Now come the caveators and amend their objection, and say that in the year 1905 D. T. Hood filed his libel for divorce against Nannie Hood, his wife, and alleged in said petition that said Nannie Hood was a non-resident of the State of Georgia, and that her whereabouts was unknown to said D. T. Hood. That said D. T. Hood knew, at the time he filed said petition, that Nannie Hood was a resident of the State of Georgia and was never a resident of any other State. That the allegation of D. T. Hood's affidavit that Nannie Hood was a resident of the State of Tennessee was not true, that D. T. Hood knew that Nannie Hood was a resident of Georgia and Spalding county at that time. That Josephine Watkins, now claiming to be the widow of D. T. Hood, knew that Nannie Hood lived in the State of Georgia at the time Hood applied for a divorce, and since that time. Wherefore these objectors pray that their amendment be allowed and filed. That Nannie Hood was never served with any copy or process or with publication of D. T. Hood's divorce proceedings, and did not know D. T. Hood had obtained a divorce until about the year 1912 or 1913." This was allowed over objections of the applicant; and a verdict against her application was rendered. She excepted to the allowance of the amendment, and to the refusal of a new trial on her motion.

*Jule Felton,* for plaintiff.

*J. J. Bull & Son,* for defendants.

BECK, J. (After stating the foregoing facts.) The plaintiff excepted to the allowance of the amendment set out in the statement of facts, upon the ground that it was a collateral attack upon the judgment of divorce referred to in the caveat; and we are of the opinion that this objection was a valid one, and that the court erred in overruling it. The judgment and decree of divorce attacked being a judgment of a court of general jurisdiction, every presumption in favor of its validity and regularity should be in-

dulged. If as a matter of fact the caveatrix, Mrs. Nannie Hood, was, at the time of granting the divorce in question, a resident of Spalding county, Georgia, and not a resident of another State, and if she had never been duly served with process in the case, this would have constituted good ground for a direct attack upon the judgment and decree of divorce. But the judgment in the divorce proceeding should be attacked in the court which rendered the judgment, and the validity and regularity of that judgment should · not be made a collateral issue in another proceeding. To rule otherwise in this case would violate the principles which are settled beyond controversy, that the judgment of a court having jurisdiction both of the subject-matter and of the parties, however erroneous it may be, is a valid, binding, and conclusive judgment of the matters in controversy upon the parties thereto and those claiming under them, and can not be attacked or impeached in a collateral proceeding.

Having decided that the court erred in allowing the amendment, it is unnecessary to pass upon the questions raised by the grounds of the motion for a new trial. The issues made by the assignments in the motion for a new trial are involved in the ruling made as to the allowance of the amendment. With the amendment stricken from the proceedings, these questions will probably not arise upon the next trial. *Judgment reversed. All the Justices concur.*