10722.   GOOLSBY *v.* THE STATE.

Under the evidence the divorce decree was a nullity, and a conviction of
bigamy was authorized.

DECIDED NOVEMBER 6, 1919.

Indictment for bigamy; from Heard superior court—Judge
Terrell.   May 31, 1919.

The indictment charged that Goolsby unlawfully married Mrs.
Dora Adams Creel when his lawful wife, Mattie Goolsby, was liv-
ing.   From the evidence it appears that in July, 1918, while living
in the home of Mrs. Creel and her husband in Heard county,
Georgia, and while his wife, Mattie Goolsby, was living in this
State, the defendant filed in Randolph county, Alabama, in the
circuit court, a petition for divorce from Mattie Goolsby, alleging
that he was a bona fide resident of that State and had been such
"for a period of more than twelve years next before filing this
petition," and that Mattie Goolsby was a non-resident of the State.
In his depositions in that case he stated that he was married to
Mattie Goolsby in 1895, that they lived together as husband and
wife until July, 1906, when she left him, that he did not know
where she resided, but she lived somewhere in Georgia when he
last heard from her, and that he was a resident of Randolph county,
Alabama, and had been "for the last five years and longer" a
resident of Alabama.   On August 23, 1918, he obtained from the
ordinary of Heard county, Georgia, a license to marry Mrs. Creel,
a divorce decree was granted to him by the Alabama court on
October 2, 1918, and he was married to Mrs. Creel in Heard
county later in the same month.   On his trial it was testified that
he and Mattie Goolsby were living together in Georgia as husband
and wife in 1916, and in previous years, and that he was making
crops in Heard county and living there in 1917 and 1918.   His
statement at the trial was as follows:  "I went over to Alabama
and stayed about a year, and went to Col. Hooten and asked him
about a divorce, and he said, 'Yes, I can get you one,' and I gave

him $31, and he got me this paper and gave it to me, and said, 'This is all right, you can go and marry now.' I thought it was all right, [or ?] I would not have done it. I have clothes over there now in Alabama,—claim that as my home. I went over there in 1916, worked over there in the foundry, . . worked there in 1918 and up in the spring of 1917 before I left there, came back, and have been going backwards and forwards pretty often. I have got clothes over there now, and call it my home, in Anniston." The record of the divorce proceeding was introduced in evidence by the State after the defendant made his statement.

In the motion for a new trial it was contended that the court erred in charging the jury as follows: "If you find from the evidence, beyond a reasonable doubt, that such decree or judgment divorcing the defendant in this case from his wife, if the evidence shows that he had a wife,—that such judgment or decree was obtained by the defendant in this case in the circuit court of the fifth judicial circuit of the State of Alabama, in the county of Randolph, through fraud and fraudulent misrepresentations, and that the defendant, at the time he secured such decree upon such fraud and fraudulent representations, if he did do it, and he knowing at the time that such was fraud and fraudulent misrepresentations, then I charge you that the judgment and decree rendered by the circuit court of the fifth judicial circuit of the State of Alabama would be void." It was contended that this was error for the reason that the decree could not be treated as void unless first set aside in a direct proceeding instituted for that purpose; that the State, having introduced the decree in evidence, was estopped from attacking its validity; and that there was no proof of fraud in procuring the decree. It was contended also that the court erred in refusing to charge the jury that the divorce decree "is presumed to be a valid divorce until set aside; it can not be set aside in this trial; before such a judgment can be set aside a suit must be filed for the purpose of setting it aside,' and both the defendant and his first wife must have notice of such suit."

*M. U. Mooty,* for plaintiff in error.

*C. E. Roop, solicitor-general,* contra.

LUKE, J. The defendant in this case was convicted of bigamy. The evidence was conclusive that he had a living wife at the time of marrying another as alleged in the indictment. He claimed to

have been divorced from his first wife by a decree of the circuit court of the 5th judicial circuit in Randolph county, State of Alabama. The evidence authorized the jury to find that he was a resident of the State of Georgia at the time he instituted his divorce proceeding in Alabama against his wife, who also was a resident of Georgia at the time of the institution of that proceeding; and that there was no service of the divorce proceeding other than constructive service by publication in Alabama. The conviction of the defendant was proper. The divorce decree relied upon by him was a nullity. See *Matthews* v. *Matthews,* 139 *Ga.* 123 (76 S. E. 855) ; *Solomon* v. *Solomon,* 140 *Ga* 379 (78 S. E. 1079). The court did not err in refusing a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*