SCHULZE *v.* SCHULZE.

1. Where in the superior court, after two concurrent verdicts, a total divorce was decreed in favor of one who was alleged to be "of" the county in which the suit was pending, and "a bona fide resident of the State of Georgia," such judgment, if regular upon its face, cannot be collaterally attacked in another proceeding, in a different county, on the ground that some of the allegations in the petition were untrue and fraudulent. A judgment of the superior court apparently regular and legal can, after the time for excepting thereto has expired, be set aside only by instituting a proper proceeding for that purpose in the court wherein such judgment was rendered.

2. Such a decree of total divorce as is just referred to was attacked in a proceeding for alimony. According to the record in the case before us the plaintiff in the divorce suit filed therewith an affidavit that the defendant did not reside in this State but was a resident of the State of Ohio. The sheriff's return was to the effect that "the defendant does not reside in the county of Fulton or in the State of Georgia." Thereupon the court ordered service by publication. Sufficient time intervened between the judge's order and the first verdict for the required publication, but it does not affirmatively appear that the judge did, as required by statute, pass an order before the trial reciting that such service had been properly perfected. *Held*: The court being one of general and competent jurisdiction, it will be presumed that all necessary jurisdictional facts appeared.

3. On review we are of the opinion that the case of *Hood* v. *Hood*, 143 *Ga.* 616 (85 S. E. 849), was correctly decided, and the request to overrule that decision is denied.

4. Applying the principles above announced, it was error to admit the record of the divorce proceedings in Fulton county, as a basis for a collateral attack on the judgment rendered therein.

No. 1390. NOVEMBER 17, 1919.

Temporary alimony. Before Judge Hammond. Richmond superior court. March 24, 1919.

*W. H. Fleming,* for plaintiff in error. *W. Inman Curry,* contra.

GILBERT, J. Bertha Hamilton Schulze filed a petition against Gustave Arthur Schulze, alleging their marriage, abandonment by the husband, and his failure and refusal to contribute to the support of herself and child. She prayed for the issuance of a writ of ne exeat, and that she be granted temporary and permanent alimony for the maintenance of herself and child. In his answer the defendant set up that on July 2, 1918, he had obtained, in Fulton superior court, a decree of total divorce from the plaintiff, and that she had no right in law to file any suit for alimony and the suit should be dismissed; alleging also his willingness to contribute to the support of the child. At the hearing the defendant offered in

evidence a certified copy of the final decree of divorce rendered in his favor in Fulton superior court against the plaintiff. The plaintiff introduced in evidence a certified copy of the divorce proceedings, including an affidavit by G. A. Schulze that the defendant, Bertha Schulze, was a resident of the State of Ohio, but that he was unable to give her exact address. Plaintiff claimed the right to attack the decree of total divorce for fraud, on three grounds, to wit: (1) That the plaintiff in the divorce suit, G. A. Schulze, was a resident of Richmond County. (2) That he knew the address of Mrs. Schulze. (3) That the period of separation between them did not cover a period of three years. Counsel for the defendant objected to the introduction of this record for any purpose other than what appeared on its face, claiming that the final decree could not be attacked upon any of the charges of fraud alleged, as they involved issues of fact which could only be determined by a jury in a proceeding in Fulton superior court to set aside the verdict and final decree of divorce. The court admitted the record for all purposes. The defendant then moved the court to dismiss the proceeding, on the ground that the record in the divorce case showed no defect which would render the final decree void, and that the petition for alimony could not be entertained so long as that decree stood unimpeached on the records of the court by which it was rendered, and that no collateral attack could be made in this proceeding by raising questions of fact as to the residence of G. A. Schulze, or as to the address of Mrs. Schulze, or as to the length of separation between the parties. The plaintiff introduced other evidence which, under the view we entertain of the law of the case, is immaterial. The court passed an order requiring the defendant to pay as alimony $50 on the 17th day of each month, beginning March 17, 1919; and $150 as attorney's fees.

1. "A judgment that is void may be attacked in any court, and by anybody. In all other cases judgments cannot be impeached collaterally, but must be set aside by the court rendering them." Civil Code, § 5968. "The judgment of a court of competent jurisdiction cannot be collaterally attacked in any other court for irregularity, but shall be taken and held as a valid judgment until it is reversed or set aside." Civil Code, § 5963. The final judgment rendered in Fulton superior court, awarding a total

divorce, is apparently regular. There is nothing on its face to show invalidity. This is not a proceeding by way of writ of error from that court. It is a collateral attack in a proceeding for alimony in the superior court of another county. The judgment is a complete bar to the recovery of alimony so long as it stands unimpeached; and the only method by which it can now be set aside is by instituting a proper proceding for that purpose in the court wherein such judgment was rendered. *Dixon* v. *Baxter,* 106 *Ga.* 180 (32 S. E. 24) ; *Hood* v. *Hood,* 143 *Ga.* 616 (85 S. E. 849) ; *McLeod* v. *McLeod,* 144 *Ga.* 359 (87 S. E. 286) ; Herman on Estoppel, §§ 362, 364; Freeman on Judgments (4th ed.), §§ 130, 133; Vanfleet's Collateral Attack, § 62.

2. It is argued that the certified copy of the divorce proceedings, introduced by the plaintiff in the alimony suit, fails to show that the judge of the superior court of Fulton county passed an order, before the trial of the case, adjudging that service by publication had been effected, as required by the Civil Code, § 5558, and that this omission constitutes a defect on the face of the record which invalidates the judgment. The statute mentioned does explicitly require the court to pass such an order before the trial, and it is the duty of the court to comply with the statute; but an order of the court reciting that service has been perfected is not itself service. It is an adjudication that satisfactory evidence of service has been submitted to the court and that it met the requirement of the statute. Failure to take the order is an irregularity of practice. It does not amount to an affirmative showing from the record that service has not been perfected. In the present case such an order may or may not have been passed. Certainly we are not authorized to assume from the record before us that such an order was not taken. The superior court is a court of general jurisdiction; and having exercised jurisdiction and rendered judgment, we must presume that all necessary jurisdictional facts appeared. The judgment of the court imports verity, and is not open to collateral attack in another court. *Barnes* v. *Underwood,* 54 *Ga.* 87; *Davis* v. *Howard,* 56 *Ga.* 430; *Mayer* v. *Hover,* 81 *Ga.* 308, 315 (7 S. E. 562) ; *Hobby* v. *Bunch,* 83 *Ga.* 12, 13 (10 S. E. 113, 20 Am. St. R. 301) ; *Wagnon* v. *Pease,* 104 *Ga.* 417 (30 S. E. 895) ; *Reinhart* v. *Blackshear,* 105 *Ga.* 799 (2), 800 (31 S. E. 748) ; *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494 (37 S. E.

767) ; *Milner* v. *Neel,* 114 *Ga.* 121 (39 S. E. 890) ; *Jossey* v. *Brown,* 119 *Ga.* 758 (15, 16), 765 (47 S. E. 350) ; *Jones* v. *Smith,* 120 *Ga.* 642 (48 S. E. 134) ; *Davis* v. *Albritton,* 127 *Ga.* 519 (56 S. E. 514, 8 L. R. A. (N. S.) 820, 119 Am. St. R. 352) ; *Wash* v. *Dickson,* 147 *Ga.* 540 (94 S. E. 1009). An examination of the record in the clerk's office of this court discloses the fact that in the case of *Hood* v. *Hood,* supra, it was not shown that the court passed an order to the effect that service by publication had been perfected. The effect of failure to affirmatively show compliance with the statute (Civil Code, § 5558) requiring the judge trying the case to pass an order reciting that service has been perfected may be analogized to the statutory requirements in regard to the appointment of guardians for minors. In the case of *Taliaferro* v. *Calhoun,* 137 *Ga.* 421 (73 S. E. 676), it was said : "It has been held . . that a decree of a court of equity affecting minors will not be treated as void because the record of the proceedings upon which it was based does not affirmatively show that service upon all parties at interest was duly made," citing *Wagon* v. *Pease,* supra. As was said by Mr. Justice Jackson in *Davis* v. *Howard,* supra, "It will be presumed that a court of general jurisdiction of the subject-matter and persons did all things precedent to the judgment right, unless the contrary appear on its face. If it 'carries its death wound there on its face,' it is dead everywhere, and may be pronounced but a lifeless corpse by any court that looks at it. But if it seems to be alive, and only in view of some irregularity, as in the matter of the kind of notice, not seen on its person, but to be shown aliunde, it be sick unto death, then it must be killed, if it deserve death, by the court that gave it birth." This case differs in its facts from the case of *Parish* v. *Parish,* 32 *Ga.* 653, cited by defendant in error, where the petition for divorce itself alleged that the defendant "had lately been residing . . in the county of Emanuel," adjoining the county of Bulloch, wherein the suit was pending. The sheriff's return recited that the "defendant was not to be found in the county of Bulloch." Obviously neither the allegation of the petition nor the return of the sheriff was sufficient to show more than that the defendant was not to be found in either of the two counties mentioned, and both together were insufficient to show that the defendant was not a resident of the State of Georgia. No other service was effected on

the defendant, nor any other action taken by the court in respect thereto, nor was there any appearance by the defendant. Such a showing as to the residence of the defendant was plainly insufficient to authorize the court to order service by publication. The judgment in this case was declared null and void because the court rendering the judgment did not have jurisdiction, all of which appeared on the face of the record.

3. On review we are of the opinion that the case of *Hood* v. *Hood,* supra, was correctly decided, and the request to overrule the same is denied.

4. The erroneous ruling as to the admission of the divorce proceedings for the purpose of a collateral attack requires a reversal of the judgment.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*