*A. H. Bancker* and *L. C. Hopkins,* contra.

---

### GREEN *v.* WHATLEY *et al.*

1. The motion to dismiss the bill of exceptions is without merit, and is overruled.
2. The validity of the claim of right of the defendant in error to have a year's support set apart to her in certain lands depending upon the question as to whether or not she had been the lawful wife of the former owner of the lands, and the solution of that question depending upon whether she had been legally divorced from a former husband by a decree of divorce granted in proceedings instituted in another State, it was competent, in the proceeding in a court in this State, to collaterally attack the judgment of divorce on the ground that it had been secured by fraud, where there had been no actual notice of the suit or provision for the same to the non-resident defendant, but where constructive notice was relied upon to give the foreign court jurisdiction.

No. 4319. JULY 22, 1924.

Equitable petition. Before Judge Wright. Walker superior court. February 20, 1924.

Thomas W. Bryan as administrator of the estate of Will Bailey, deceased, brought his petition to the superior court of Walker County against Luella Whatley and others, seeking certain equitable relief. Subsequently Luella Whatley applied for and had set apart to her, as the widow of Will Bailey, the lands involved in the suit first referred to, as a year's support. Willie Mae Green,

the plaintiff in error, resisted the granting of the year's support upon the ground, among others, that Luella Whatley was not the widow of Will Bailey, because she had never been divorced from Whatley, to whom she had been married before intermarrying with Will Bailey. The cases were consolidated and tried together. While there were several issues under the cases as they were originally brought, it is agreed by both parties that there is but one issue that it is necessary to determine, and that it is controlling in the case; and that question is, whether Luella Whatley (Bailey) is the widow of Will Bailey, the decedent. It is insisted by the plaintiff in error that she is not the lawful widow of Bailey; that her first husband, Whatley, was in life at the time of her marriage to Bailey; and that while there was a decree of divorce annulling the marriage to Whatley, this decree was null and void for certain reasons set forth. While the two cases were pending the following amendment to her pleading was offered by the plaintiff in error: "That said Luella Whatley is not entitled to any of the estate of Will Bailey, deceased, because she is not his heir at law, or legal widow; that she is legally the wife of Fred Whatley, because her pretended divorce from him was secured by fraud on her part in representing that she was a resident of Hamilton County, Tennessee, in her bill for divorce in the chancery court of said county, when in fact she at the time resided at Chickamauga, Georgia. Further, that said pretended divorce was illegal and void, because there was no legal service of the process in said case on her husband, the defendant therein. That said pretended service was ordered by the court to be made by publication as required by law in case of non-resident defendants, to be published once a week for four successive weeks, in the 'Star' and the last publication to be made at least one week before the rule day, or first day of the term to which said suit was returnable. That said publication was not so made, as shown by the affidavit of the publisher of the Star, which is a part of the record in said case. That on account of said fraud in the procurement of said divorce, and because there was no legal service of process upon the defendant, Fred Whatley, in said divorce suit, the divorce decree was illegal and void; and the subsequent pretended marriage of Luella Whatley to Will Bailey was illegal and void, and

was fraudulently entered intó by said Luella Whatley for the pur-
pose of inheriting the estate of Will Bailey."

Upon the trial of the case the following evidence was admitted:
Willie Mae Green, plaintiff, testified that she is the only child
of Will Bailey; that she lived at Chickamauga, Georgia, for years;
that Luella Whatley was living at Chickamauga at the time of the
filing of her suit against Fred Whatley in the chancery court at
Chattanooga, Tenn., and at the time her divorce was granted by
said court, and had not lived in Hamilton County, Tennessee.
The records of the chancery court at Chattanooga, Tenn., duly
authenticated, of the divorce proceedings in the case of Luella
Whatley *v.* Fred Whatley, were put in evidence. This included
the affidavit of the publisher of the Star, showing that publication
of process and order for Fred Whatley to appear and answer said
divorce bill was made on March 29, April 5, April 12, and May 3,
1913. W. A. McClure testified that he is an attorney at law at
Chattanooga, Tenn., and is familiar with the provisions of the
Tennessee law, which requires two years residence in said State
by the plaintiff before filing a suit for divorce in the courts of
said State; that the Tennessee law requires that non-resident de-
fendants be served by publication once a week for four successive
weeks, in order to give the court jurisdiction; that the above pub-
lication, as shown by the publisher's affidavit, did not comply with
the laws of Tennessee, there being a lapse of three weeks.

It is recited in the bill of exceptions that "At this point the
defendants in error objected to all evidence submitted by plaintiff
in error, on the ground that the proceeding was a collateral attack
on the divorce decree, contending that said decree could not be
collaterally attacked. The court sustained this contention, and
directed a verdict for the defendants; and on the same ground
announced that the above amendment to the petition should not
have been allowed." To the ruling of the court and the direction
of a verdict the plaintiff in error excepted "upon the ground that
the same was contrary to law, and, being controlling in effect, the
verdict and judgment could not be and are not a legal termination
of the case."

*Johnson & Johnson,* for plaintiff in error.

*Rosser & Shaw,* contra.

BECK; P. J.  (After stating the foregoing facts.)

1.  The defendants in error filed a motion to dismiss the bill of exceptions, upon the ground that it contains the following recital: "The record of the marriage of Luella Whatley to Will Bailey, in Walker County, Georgia, was admitted in evidence," and that there is no incorporation of this record in the bill of exceptions over the trial judge's certificate, and no identification of this documentary evidence.  This ground of the motion is without merit.  For whether or not there is any evidence contained in the record of the marriage of Luella Whatley to Will Bailey, that fact sufficiently appears from the pleadings of the plaintiff.  It is not a question as to whether there was a ceremonial marriage between Luella Whatley and Will Bailey, but the question is as to whether that marriage was void on the ground that there was a prior marriage of the defendant in error to Whatley which had not been dissolved by a legal decree of divorce.

Another ground of the motion to dismiss is that the documentary evidence, "not being incorporated in the bill of exceptions, cannot be considered by the court."  Whether this documentary evidence can be considered or not, there is enough evidence properly incorporated in the bill of exceptions to illustrate the real issue in the case; that is, the question of the legality of the marriage of Luella Whatley to Will Bailey.

The third ground of the motion to dismiss is based upon the insufficiency of the assignment of error.  We are of the opinion that the assignment of error is sufficient to present the question of error in the court's ruling in directing the verdict and in disallowing the amendment to the petition.  The assignment of error is sufficient upon the direction of the verdict and the disallowance of the amendment.  In the motion to dismiss it is said that, "Of course, the court did not direct a verdict, but simply nonsuited, etc."  The record and the recitals in the bill of exceptions show, however, that a verdict was directed, and this is excepted to.  The disallowance of the amendment is also excepted to.  The motion to dismiss is overruled.

2.  We are of the opinion that the court erred in refusing to allow the amendment offered in this case.  If the allegations in the amendment are true, the decree of divorce dissolving the marriage of Luella Whatley to her first husband was void.  If these

allegations are true, the decree of divorce was obtained by fraud, and was a nullity. *Goolsby* v. *State,* 24 *Ga. App.* 377 (100 S. E. 788). That is distinctly recognized in the case of *Hood* v. *Hood,* 143 *Ga.* 616 (85 S. E. 849), although it is ruled in the *Hood* case that a collateral attack could not be made upon the judgment; and to that ruling we shall refer later. See also, in this connection, the case of *Portman* v. *Mobley,* 158 *Ga.* 269 (123 S. E. 695). Not only could the decree of divorce in this case be attacked upon the grounds set forth in this amendment which was disallowed, but could be attacked collaterally. In the case of *Matthews* v. *Matthews,* 139 *Ga.* 123 (76 S. E. 855), it was said: "A judgment of divorce of another State, based on constructive service, is not within the provision of the constitution of the United States, and statutes passed thereunder, requiring that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. A judgment of divorce rendered by a court of Alabama against a non-resident defendant, wherein a child of the marriage is awarded to the plaintiff's custody, based entirely on constructive service by publication, without actual notice or provision for the same to the non-resident defendant, will not be regarded as a conclusive adjudication of disposition of the. child, where the evidence shows that the judgment was obtained by fraudulent representations in order to obtain jurisdiction." And in the case of *Solomon* v. *Solomon,* 140 *Ga.* 379 (78 S. E. 1079), it was said: "A judgment of divorce, based on constructive service, is not within the provisions of the constitution of the United States and statutes passed thereunder, requiring that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. Such judgment, based entirely on constructive notice, without actual notice or provision for the same to the non-resident defendant, may be collaterally attacked for fraud." Other cases from other courts could be cited, laying down the same doctrine, but we deem it unnecessary to collect and cite those cases, in view of our own decisions. Defendant in error relies upon the case of *Hood* v. *Hood,* supra. It was there held that a collateral attack upon the judgment of divorce would not be allowed in that case; but the decree of divorce in the *Hood* case was rendered by a court in this State, and in that respect it differs from the case at bar and the cases of

*Matthews* and *Solomon,* cited above; and that is a sound ground of distinction between the *Hood* case and the two other Georgia cases cited; for while, as was held in the *Hood* case,· a collateral attack upon a judgment such as that in question here will not be allowed where the judgment sought to be impeached was rendered in one of the courts of this State, it will be allowed, as was held in the other two cases, where the judgment was rendered in a court of another State, in order that a suitor in one of the courts of this State may not be compelled to leave the State and submit himself· to the jurisdiction of a foreign court in order to have set aside a judgment that was obtained by fraud.

*Judgment reversed. All the Justices concur, except Russell, C. J., dissenting.*