## KIMBALL v. KIMBALL et al.

Under the ruling in the case of *Schulze* v. *Schulze*, 149 *Ga.* 532 (101 S. E. 183), the assignments of error contained in the bill of exceptions in this case are without merit.

No. 4660. MARCH 11, 1925.

Equitable petition. Before Judge Fortson. Walton superior court. November 25, 1924.

*Orrin Roberts*, for plaintiff. *J. H. Felker*, for defendant.

BECK, P. J. Mrs. Ama C. Kimball brought her equitable petition in the superior court of Walton County, against Sallie Kimball and J. H. Kimball, alleging, that J. H. Kimball was the husband of petitioner; that he and plaintiff were married in April, 1885; that in August, 1918, he wilfully deserted plaintiff and their minor children; that she recently learned that he had fraudulently secured a divorce from her in Irwin County, Georgia, upon the ground of desertion; that he alleged in his petition for divorce that he had no property and that petitioner was a resident of another State; that no service was had upon petitioner, although she was at that time a resident of Fulton County, Georgia, which fact was known to her husband; that J. H. Kimball was entitled to a one-fifth interest in the estate of Mary A. Kimball, deceased, amounting to $1800, which was in the hands of Sallie Kimball, administratrix, etc.; that he had taken $600, the proceeds of the sale of the house which belonged to petitioner and defendant, J. H. Kimball, one half of the amount being the property of petitioner. No suit for divorce is pending between the parties. Petitioner prayed that Sallie Kimball, as administratrix, be required to hold the share of J. H. Kimball in the estate of the intestate; that J. H. Kimball be enjoined from disposing of his share in that estate; that alimony and attorney's fees be awarded petitioner; and that petitioner have judgment for such sum of money as was due her from money drawn from the bank in 1910, this being the proceeds of the house and lot which was the joint property of the husband and wife.

Upon the hearing there was evidence to show the granting of the divorce as alleged in the petition. In J. H. Kimball's answer he denied the facts upon which the charge of fraud was based; admitted that a decree of divorce had been obtained as alleged, and the verdict and decree in the divorce case was introduced; denied that plaintiff had any interest in the proceeds of the house and lot

which had been sold for $600; pleaded the statute of limitations as to the claim for half of that sum; denied that he had deserted petitioner as alleged; denied that he is a resident of Walton County, Georgia, and pleaded to the jurisdiction of the court, showing that he is a resident of the State of Florida. The defendant's plea and answer were sworn to. After considering the pleadings and the evidence in support thereof, the court refused an injunction and dismissed the petition; to which order the plaintiff excepted.

In the bill of exceptions it is recited that plaintiff excepts to the order refusing temporary alimony and dismissing her petition, and, to quote the assignment of error as made in the bill of exceptions, "assigns the same as error upon the ground that said order is contrary to law, and, under the facts of this case as hereinafter appears, said injunction should have been made permanent, and temporary alimony allowed." Clearly, the assignment of error is based upon the contention that the petitioner was entitled to an injunction as prayed, and to temporary alimony. The grounds of exception are not well taken. The plaintiff was not entitled to alimony nor to injunction. The divorce decree obtained in Irwin superior court could not be collaterally attacked as petitioner sought to attack it in this case. The effect of that decree could only be avoided by direct proceedings in the superior court of Irwin County, the court in which the decree was rendered. The proposition of law here announced need not be dealt with at length, as it has been established by several rulings by this court. In the case of *Schulze* v. *Schulze,* 149 · *Ga.* 532 (supra), it was said: "Where in the superior court, after two concurrent verdicts, a total divorce was decreed in favor of one who was alleged to be 'of' the county in which the suit was pending, and 'a bona fide resident of the State of Georgia,' such judgment, if regular upon its face, can not be collaterally attacked in another proceeding, in a different county, on the ground that some of the allegations in the petition were untrue and fraudulent. A judgment of the superior court apparently regular and legal can, after the time for excepting thereto has expired, be set aside only by instituting a proper proceeding for that purpose in the court wherein such judgment was rendered. . . Such a decree of total divorce as is just referred to was attacked in a proceeding for alimony. According to the record in the case before us, the plaintiff in the divorce suit filed therewith

an affidavit that the defendant did not reside in this State, but was a resident of the State of Ohio. The sheriff's return was to the effect that 'the defendant does not reside in the county of Fulton or in the State of Georgia.' Thereupon the court ordered service by publication. Sufficient time intervened between the judge's order and the first verdict for the required publication, but it does not affirmatively appear that the judge did, as required by statute, pass an order before the trial reciting that such service had been properly perfected. *Held:* The court being one of general and competent jurisdiction, it will be presumed that all necessary jurisdictional facts appeared." The ruling in that case renders further discussion of the proposition of law first announced unnecessary. The same principle of law was laid down in the case of *Hood* v. *Hood,* 143 *Ga.* 616 (85 S. E. 849). While the *Schulze* case was pending in this court a request to review and overrule the decision in the case of *Hood* v. *Hood* was made, but upon review it was held that the case of *Hood* v. *Hood* was correctly decided. Under the rulings made in these cases and others which might be cited, the plaintiff was not entitled to recover alimony in her equitable suit.

<div align="center">

*Judgment affirmed. All the Justices concur.*