BARRON, transferee, *v.* LOVETT.

No. 17170. JULY 11, 1950.

*A. L. Hatcher* and *R. Earl Camp*, for plaintiff.

*Emory L. Rowland* and *Dawson Kea*, for defendant.

HEAD, Justice. The defendant in error relied in the trial court upon the Code, § 110-511, which provides that a purchaser in good faith and for a valuable consideration shall be relieved of the lien of any judgment against the seller after the purchaser

has been in possession (in the case of real property) for·a period of four years. Under the agreed statement of facts, this case does not fall within the provisions of § 110-511. The claimant did not purchase the land from a defendant in execution. His claim is based on a partitioning proceeding which, it may be inferred, was a division in kind among the heirs of C. H. Lovett, deceased. The execution was not against the deceased, but against the executors of the deceased. Compare *Taylor* v. *Morgan*, 61 *Ga.* 46; *Trice* v. *Rose*, 80 *Ga.* 408 (4) (7 S. E. 109).

The record fails to disclose the nature of the partitioning proceeding upon which the claimant relied for title. This, however, is immaterial. If the partitioning was in equity, the decree of the court passed the title, whether or not conveyances were executed by the parties. Code, § 85-1503. If the partitioning was statutory, the judgment of the court was final and conclusive as to all parties who, were notified of the application for partition. § 85-1510. Parties not notified, or absent from the State, or laboring under any disability recognized by law, had twelve months in which to move to set aside the judgment upon any ground which might have been urged by such parties upon the hearing for partition. § 85-1515.

The judgment of partitioning was final and conclusive as to all matters put in issue, or which might have been put in issue in the cause wherein the judgment was rendered, until reversed or set aside. Code, § 110-501. A judgment of the superior court, apparently regular and legal (after the time for excepting thereto has expired), can only be set aside in a proper proceeding for that purpose in the court wherein the judgment was rendered. *Schulze* v. *Schulze*, 149 *Ga.* 532 (101 S. E. 183). A judgment making the return of partitioners the judgment of the court can not be collaterally attacked. *King* v. *Dillon*, 66 *Ga.* 131. "All proceedings of every kind in any court of this State to set aside judgments or decrees of the courts, shall be made within three years from the rendering of said judgments or decrees." Code, § 3-702.

The claimant having acquired title in a partitioning proceeding prior to the rendition of the judgment which the plaintiff in error seeks to enforce, and more than eight years prior to the levy of the execution, and the judgment of partitioning not

having been vacated or set aside within the statutory period, the trial court did not err in holding that the lands levied upon were not subject to the execution of the plaintiff, as transferee.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., who dissents.*