Per Curiam.

Collateral attack is permitted by strangers on-divorce decrees in other States where it is .clear that the rendering State permits such attack .(Johnson v. Muelberger, 340 U. S. 581). By the judgment affirmed in this particular by the order appealed from, the defendant has been granted an annulment of Ms marriage to the plaintiff on account of what is alleged to have been the invalidity of an Alabama decree of divorce from her previous husband. The alleged defect in the jurisdiction of the Alabama court does not appear upon the face of its decree. The Alabama law is not clear concerning whether, under the circumstances of this ease, its courts would permit such a -collateral attack upon plaintiff’s divorce as is made in this action (Fairclough v. St. Amand, 217 Ala. 19 ; Davis v. Davis, 255 Ala. 488; Hartigan v. Hartigan, 272 Ala. 67; Aiello v. Aiello, 272 Ala. 505; Winston v. Winston, 276 Ala. 303; Lutsky v. Lutsky, 183 So. 2d 782 [Ala.]).
The order appealed from should, therefore, be modified, without costs, .so as to eliminate the annulment granted to defendant a.gainst plaintiff upon the ground that plaintiff’s Alabama divorce from her previous husband can only be attacked in the courts of Alabama, and without prejudice to renewal of an action in the New York courts for annulment in event that the Alabama court vacates the decree in Alabama. Otherwise the order appealed from should be affirmed including its disposition of the property rights (except as to household furnishings of the parties) and cancellation of defendant’s relieving plaintiff from her previous waiver of any right to take against defendant’s will under the Decedent Estate Law, because they were adjudicated independently of the granting .of the annulment; except that plaintiff’s causes of action for separation should be severed and remanded for trial inasmuch as the findings reveal that they were not decided on the merits but for the reason that no valid marriage existed between the parties (Fischer v. Fischer, 254 N. Y. 463). The weekly payments for the support and maintenance of plaintiff and for the maintenance, education and *803 support of the children and the disposition of the household furnishings shall stand as modified by the Appellate Division but are subject to change if a separation is granted to plaintiff on which we express no opinion.