**Carmen TORRES, as guardian for and on behalf of Néstor, Lucía and Luis Torres, Minors, Plaintiffs,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 454–66.**

United States District Court
D. Puerto Rico.
June 28, 1967.

Jose Guillermo Vivas, Jorge Lucas Valdivieso, Jr., Ponce, P. R., for plaintiffs.

Candita R. Orlandi, Asst. U. S. Atty., for defendant.

## MEMORANDUM OF OPINION

CANCIO, Chief Judge.

This is an action under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, which is that of the Appeals Council rendered on July 25, 1966 modifying the one of the Hearing Examiner rendered on March 28, 1966. This final decision holds that the minor plaintiffs are not entitled to child's insurance benefits prior to the month of September 1965, for which application was filed on August 2, 1962.

There are no questions of fact involved in this appeal. Therefore, it is not a matter of whether the Secretary's decision is supported by substantial evidence, but, rather, whether in the light of the uncontroverted facts, it is correct in interpreting the law of Puerto Rico. A short compendium of the facts is necessary, though, for a better understanding of the case at bar.

The decedent in this case, Néstor Luis Torres, was born on January 7, 1934 and died on July 28, 1962. Sometime in 1951 he began living as man and wife with one Hilda Iris Delgado. This relation continued until her death on October 9, 1958. At some time prior to entering upon the aforesaid relationship, Hilda Iris Delgado has been legally married to one Blas Viuda Méndez and this marriage was never terminated by divorce. Néstor Luis Torres and Hilda Iris Delgado procreated three children between them: Néstor L. Torres Delgado and Lucía C. Torres Delgado (twins, born on July 6, 1952), and Luis E. Torres Delgado (born on September 6, 1955). All three of these children were registered with the Department of Health (Demographic Division) within three days of their birth by their biological father, Luis Torres, as his natural children. Paternity over these children has never been questioned. In fact, the legal husband of their mother has denied any paternity. Finally, on February 27, 1963, the Superior Court of Puerto Rico, Ponce Part, upon petition of Carmen Torres, guardian of the minors, entered a declaration of heirship wherein it was found that these minor children were the sole heirs of Mr. Néstor Luis Torres, deceased.

There is no dispute as to the facts nor is there any dispute as to the evidence adduced. As stated above, the sole question before this Court is whether or not the Secretary of Health, Education and Welfare erred in his application of the law to the facts as presented.

The Hearing Examiner came to the following decision:

\* \* \* under the applicable law, the children Néstor, Lucía del Carmen and Luis E. were and are entitled to inherit as children of the Wage Earner Néstor Luis Torres under the intestate laws of Puerto Rico. Therefore, it is the decision of the Hearing Examiner that the aforementioned children do have the status of children of the Wage Earner under the Social Security Act and are entitled to child's insurance benefits on the wage record of Néstor Luis Torres. (Tr. 15)

The Appeals Council did not entirely agree with the Hearing Examiner and modified his decision as follows:

\* \* \* it is the finding of the Appeals Council that Néstor, Lucía and Luis Torres were not children of the Wage Earner having the same inheritance rights under Puerto Rican Law as legitimate children and consequently,

not children within the meaning of section 216(h) (2) (A) of the Act. However, the evidence of record does establish, and the Appeals Council finds, that the Wage Earner acknowledged in writing that he was the father of the children and that they are deemed to be his children under section 216(h) (3) (C) of the Act, as amended in 1965 by Public Law 89–97. The Council further finds that the application filed in the children's behalf under section 202(j) (2) of the Act, is deemed to have been filed on September 1, 1965, the first day of the month in which all requirements for entitlement to child's insurance benefits were first met.

It is the decision of the Appeals Council that Néstor, Lucía and Luis Torres are entitled to child's insurance benefits on the earnings record of the deceased wage earner, beginning with the month of September 1965. The decision of the Hearing Examiner is modified accordingly. (Tr. 5)

In questions such as these, the laws of the United States refer the matter to the laws of the several states, and the Secretary of Health, Education and Welfare must make his determinations according to those laws. Thus, under 42 U.S.C. § 416(h) (2) (A):

In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the Courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

The question before this Court is, then, whether under the law of Puerto Rico, adulterine children, recognized by their biological father, can inherit from him the same as any legitimate or natural child. We find that they can.

In order to come to this conclusion, we must now turn to examine several questions of law which the findings of the Appeals Council have raised:

1. Can the paternity of children born within a marital relationship be questioned; and, if so, how.

2. Can children born out of an adulterous relationship be recognized by their parents; and, if so, what is the extent of the rights of inheritance of such children regarding their biological parents.

3. Does the case of Ocasio v. Díaz, D.S.C.P.R. of June 27, 1963, 1963 Colegio de Abogados 119, —— P.R.R. ——, apply to the case at bar.

Article 113 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 461, states as follows:

Legitimate children are those born 180 days after the marriage has been celebrated and before 300 days have passed after the marriage has been dissolved. Against legitimacy no other proof shall be admitted than the physical impossibility of the husband to use his wife within the first one hundred and twenty days of the three hundred days that have preceded the the birth of the child.

It is clear that the Code creates a presumption of legitimacy designed to protect the child and his mother from a challenge of bastardy. Yet, at the very same time, the Code creates the manner in which this very presumption may be controverted and rejected.

On the other hand, Article 116 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 464, establishes the persons who may controvert or dispute an apparent legitimacy:

Legitimacy can only be disputed by the husband or his legitimate heirs. The

latter can only contest the legitimacy of a child in the following cases:

1. If the husband has died before the termination of the period fixed for instituting his action in court.

2. If he shall have died after presenting his action without having desisted from it.

3. If the child was born after the death of the husband.

Whether or not the procedure required by law was followed in obtaining a declaration that the children in question were not the legitimate children born of the marital union alleged, the Superior Court of Puerto Rico, Ponce Part, decided through Judge Ruíz Somohano that the children in question "were conceived and born of the union that existed between Néstor Luis Torres and * * * Hilda Iris Delgado Santiago." (Tr. 65) A copy of this judicial decision was before the Hearing Examiner and the Appeals Council.

▮ It matters not at all whether the Appeals Council understands that the Court erred in applying the law of Puerto Rico. Certainly, the Superior Court of Puerto Rico is in a better position to apply the law of Puerto Rico and determine the filiation of the parties than is the Appeals Council. Moreover, this is clearly their trust under the law. Furthermore, in the face of this judicial decision on the filiation of the minors in question, the Courts of the United States are bound to give full faith and credit to the judicial decisions of the Courts of Puerto Rico. Americana of Puerto Rico, Inc. v. Kaplus, 368 F.2d 431 (3d Cir., 1966). The Administrative agencies of the United States are no less bound that the courts of the United States to give full faith and credit to the decisions of the Courts of Puerto Rico.

▮ It is clear from the evidence, which is not contested at any time, that the paternity of the legal father as against the biological father was decided by the Superior Court of Puerto Rico in favor of the biological father. This is res judicata as far as the case at bar is concerned.

The next point to be looked into is whether or not adulterine children can be recognized as natural children. Act No. 229 of May 12, 1942, 31 L.P.R.A. § 501, states:

All children born out of wedlock subsequent to the date this Act takes effect, shall be natural children, whether or not the parents could have married at the moment when such children were conceived. * * *

▮ This Act, by itself, is sufficient to allow the Court to state that adulterine children born after 1942 are the natural children of the parents recognizing them as such whether or not those parents are living in an adulterine concubinage. Moreover, the Constitution of the Commonwealth of Puerto Rico very clearly states that all men are equal before the Law and that no person shall be discriminated against because of his birth. Constitution, Article II, Section 1. Such discrimination is abhorrent to the principles of Justice.

In the case at bar, the evidence clearly establishes that the children in question were registered with the proper authorities as the natural children of Néstor Luis Torres and Hilda Iris Delgado. (Tr. 46–51). Thus we are now in the following situation. Under the law applicable to this case, we have three natural children recognized as such by their natural parents and by the competent Courts of the Commonwealth of Puerto Rico. The question then arises whether under the laws of the Commonwealth such children can inherit from their natural parents.

Act No. 17, of August 20, 1952, 31 L.P.R.A. § 441, states:

All children have, with respect to their parents and to the estate left by the latter, the same rights that correspond to legitimate children.

It is in the interpretation of this Act that the case of Ocasio v. Díaz, supra, is very much in point.

Under the laws and the Constitution of the Commonwealth of Puerto Rico, there can be no question that, as far as their parents are concerned, all children, whether born in or out of wedlock, have the same inheritance rights. Now, the question might be raised whether this right accrues only to children born after 1952, or whether it also applies to children born prior to that year.

The Supreme Court of Puerto Rico has answered that question for us if but indirectly in the *Ocasio* case. Among the eight cases that are jointly decided in that opinion, there are several where the party seeking redress was born prior to 1952, but filed his case after that year.

■ It is the interpretation of this Court that the decision of Ocasio v. Díaz holds that all children, whether born in wedlock or out of it, have the same rights of inheritance as regards their parents. The Superior Court of Puerto Rico, Ponce Part, has ruled that the minors involved in the case now before the bar are the "sole and universal heirs of Mr. Néstor Luis Torres." Again, this is *res judicata* as to this case and is binding both upon this Court and the administrative agency below.

■ Since under the laws of the Commonwealth of Puerto Rico these children are entitled to inherit from their biological parents, Section 216(h) (2) (A) of the Social Security Act is applicable. Under this provision, the Secretary must apply the law of intestate devolution of the state wherein the applicant's intestate was domiciled; that means, according to the facts of this case, the law of Puerto Rico. And, under the law of Puerto Rico, as we have seen, these children are entitled to inherit fully.

In view of the foregoing, it is the ruling of this Court that the decision of the Appeals Council be, and hereby is, vacated and that the decision of the Hearing Examiner be, and hereby is, reinstated.