## MATTER OF DE PADOVA

### In Visa Petition Proceedings

### A-14931293

*Decided by Board August 11, 1975*

Notwithstanding evidence indicating that petitioner was not a resident of the State of Georgia for more than 6 months prior to the filing in that State of her petition for divorce dissolving her prior marriage, as required for divorce jurisdiction under section 30–107 of the Georgia Code Annotated, since the Georgia divorce decree dissolving her prior marriage is immune to attack by the parties or strangers both in Georgia and in Massachusetts, the place of petitioner's subsequent marriage to the beneficiary, the divorce decree is recognized for visa petition purposes and the petitioner's subsequent marriage is valid to confer immediate relative status on beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act, as amended. Accordingly, petitioner's appeal of the revocation of approval of her visa petition is sustained, and approval of the visa petition is reinstated.

ON BEHALF OF PETITIONER    Marco J. Pettoruto, Esquire
316 Essex Street
Lawrence, Massachusetts 01840

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. That petition was initially approved on June 9, 1971. Thereafter, the district director informed the petitioner by letter, dated January 29, 1974, of his intention to revoke approval of the visa petition. In a decision dated March 28, 1974, the district director revoked approval of the visa petition. The petitioner has appealed from that decision. The appeal will be sustained, and approval of the visa petition will be reinstated.

The beneficiary is a native and a citizen of Italy. He and the petitioner were married in Lawrence, Massachusetts on July 11, 1970. The petitioner had been married previously. As proof of the termination of that prior marriage, she presented a decree of divorce from the Superior Court of Richmond County, Georgia, dated May 19, 1970.

The Service claims that the petitioner's divorce is invalid because the Georgia court lacked jurisdiction. Consequently, the Service claims that the petitioner's marriage to the beneficiary is bigamous and therefore invalid.

The petitioner was the plaintiff in the Georgia divorce action. Her complaint stated that she was a resident of Richmond County, Georgia, for more than six months prior to the filing of the petition for divorce, and that the defendant was a nonresident of Georgia. Six months is the residency period required for divorce jurisdiction under section 30-107 of the Georgia Code Annotated.

The record of divorce proceedings contains an "acknowledgement of service" signed by the petitioner's husband in which he acknowledged service of process, waived further service of process, entered a general appearance before the Georgia court, and agreed that the testimony of the petitioner could be taken before a notary public and used in the trial. The petitioner's testimony was taken before a notary public in Richmond County, Georgia on April 13, 1970, at which time the petitioner once again stated that she had been a resident of Richmond County, Georgia for more than six months preceding the filing of the petition for divorce. A final decree of divorce was rendered on May 19, 1970. That decree recited that the court had jurisdiction over the parties.

An investigation undertaken by the Service disclosed evidence which indicated: (1) that the petitioner was not a resident of Richmond County, Georgia for the period alleged in her complaint for divorce, and (2) that the petitioner resided and was employed in Lawrence, Massachusetts during the time in question. In a statement before an immigration inspector on December 12, 1972, the petitioner stated that she went to Augusta, Georgia on April 13, 1970, appeared in court, and returned to Lawrence, Massachusetts the same day. She then refused to answer further questions without the presence of her attorney. When questioned in the presence of her attorney on December 13, 1972, the petitioner refused to answer any question regarding her Georgia divorce.

The validity of a marriage generally is determined according to the law of the place of celebration. *Matter of Gamero*, 14 I. & N. Dec. 674 (BIA 1974); *Matter of Levine*, 13 I. & N. Dec. 244 (BIA 1969); *Matter of P-*, 4 I. & N. Dec. 610 (BIA; A.G. 1952). Thus, the validity of the petitioner's present marriage to the beneficiary depends upon whether Massachusetts would recognize the Georgia divorce decree purportedly terminating the petitioner's prior marriage.

In the recent cases of *Lorant v. Lorant*, _____ Mass. _____, 318 N.E.2d 830 (1974), the Supreme Judicial Court of Massachusetts was faced with a situation very similiar to the one presently before us. In *Lorant*, the plaintiff husband went to Georgia and through counsel filed a petition for divorce in the Superior Court of Richmond County, alleging that he had resided in that county for the requisite period, and that his wife had treated him abusively. In an "acknowledgment of service,"

his wife entered an appearance, denied the grounds alleged for divorce, acknowledged the jurisdiction of the court over both the parties and the subject matter, and agreed to certain procedural arrangements. A final decree of divorce was entered by the Georgia court and the time for appeal elapsed.

Thereafter, the husband attacked the validity of the Georgia divorce in Massachusetts on the ground that the Georgia court was without jurisdiction. He alleged that he had not resided in Georgia for the required six-month period nor had he been domiciled in Georgia, and he also alleged that he and his wife had colluded to fraudulently confer jurisdiction upon the Georgia court.

The Massachusetts court ruled that since a collateral attack on the Georgia divorce was foreclosed under Georgia law,[1] such attack was also foreclosed in Massachusetts under the rule set forth by the United States Supreme Court in *Sherrer* v. *Sherrer*, 334 U.S. 343 (1948), and *Coe* v. *Coe*, 334 U.S. 378 (1948). The court further stated:

> With the *Sherrer* rule controlling, it adds nothing for the husband to charge that the parties "colluded" or acted "fraudulently" in using the Georgia court to procure the divorce. [Citation omitted.] So the Georgia decree must be considered valid, as the judge below held. . . .[2]

Pursuant to the ruling in *Lorant*, the present divorce decree is immune to attack by the parties in Massachusetts. See also *Johnson* v. *Muelberger*, 340 U.S. 581 (1951). Georgia would not permit strangers to collaterally attack the divorce decree for lack of jurisdiction. *Kicklighter* v. *Kicklighter*, 217 Ga. 54, 121 S.E.2d 122 (1961); *Thomas* v. *Lambert*, 187 Ga. 616, 1 S.E.2d 443 (1939). Accordingly, such an attack would also be foreclosed in Massachusetts.

Since the Georgia divorce decree is immune to attack by the parties or strangers in both Georgia and Massachusetts, we believe it should be given recognition in these proceedings.

The District Director's decision was incorrect. The appeal will be sustained, and approval of the visa petition will be reinstated.

ORDER: The appeal is sustained, and approval of the visa petition is reinstated.

---

[1] Citing *Schulze* v. *Schulze*, 149 Ga. 532, 101 S.E. 183 (1919); *Thomas* v. *Lambert*, 187 Ga. 616, 1 S.E.2d 443 (1939); *Kicklighter* v. *Kicklighter*, 217 Ga. 54, 121 S.E.2d 122 (1961); *Dixon, Mitchell & Co.* v. *Baxter & Co.*, 106 Ga. 180, 32 S.E. 24(1898); *Hood* v. *Hood*, 143 Ga. 616, 85 S.E. 849 (1915); *McLeod* 144 Ga. 359, 87 S.E. 286 (1915); sections 110-701 and 110-708 of the Georgia Code Annotated.

[2] 318 N.E.2d at 833.