MATTER OF SAN JUAN

In Visa Petition Proceedings

A-20814290

*Decided by Board August 14, 1979*

(1) Notwithstanding evidence that the petitioner did not meet the jurisdictional requirements for obtaining a divorce in Puerto Rico, the Service cannot deny validity to her Puerto Rican divorce decree if neither Puerto Rico nor the jurisidiction of her subsequent marriage would permit an attack on that decree.

(2) Where neither Puerto Rico nor New York, the place of the petitioner's subsequent marriage to the beneficiary, would permit a collateral attack on the petitioner's bilateral divorce, the Service cannot refuse to recognize the Puerto Rican decree and visa petition approval is reinstated. *Matter of De Padova*, 15 I&N Dec. 502 (BIA 1975) followed.

ON BEHALF OF PETITIONER: Jeffrey Bryer, Esquire
152 West 42nd Street
New York, New York 10036

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The District Director has certified his decision to the Board for review in accordance with 8 C.F.R. 3.1(c). The decision will be reversed, and approval of the visa petition will be reinstated.

The petitioner married the beneficiary, a 32-year-old native and citizen of Colombia, on February 22, 1975, in Newburgh, New York. On March 20, 1975, the petitioner filed a visa petition on the beneficiary's behalf, seeking to accord him immediate relative status under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). On September 17, 1975, the visa petition was approved, and forwarded to the United States Consulate in Montreal, Canada. On January 20, 1977, the Service sent the petitioner a Notice of Intent to Revoke Visa Petition Approval, based upon a determination that the petitioner had a prior, undissolved marriage which prevented recognition of her subsequent marriage to the beneficiary. On August 30, 1978, visa petition approval was revoked.

On September 12, 1978, the petitioner filed an appeal from the revocation, claiming that the District Director was not permitted to

deny full faith and credit to her prior Puerto Rican divorce. On March 7, 1979, we remanded the record for further evidence regarding the circumstances surrounding the petitioner's divorce. After correspondence with counsel for the petitioner, the District Director affirmed his prior decision of revocation and certified the record to us for review.

It appears from the record that the petitioner obtained a divorce from her first husband in Puerto Rico on February 1, 1973. The law regulating divorce in Puerto Rico, *P.R. Laws Ann.*, ch. 41 sec. 331, provides, in pertinent part, that:

> No person can secure a divorce under this title who has not resided in Commonwealth for one full year immediately preceding the action, unless the act or acts on which the suit is based have been committed in Puerto Rico, or while one of the parties to the marriage resided here. .

The petitioner concedes that she did not meet any of these jurisdictional requirements for obtaining a divorce in Puerto Rico. However, she argues that the Service cannot deny validity to a divorce decree rendered by a jurisdiction if neither the divorcing jurisdiction nor the jurisdiction of the new marriage would permit anyone to do so. The petitioner relies on our decision in *Matter of De Padova*, 15 I&N Dec. 502 (BIA 1975), for this proposition.

In *Matter of DePadova*, we considered the case of a petitioner who obtained a divorce in Georgia, subsequently marrying the beneficiary in Massachusetts. We found, based upon a review of the pertinent Georgia and Massachusetts cases, that the petitioner's divorce was immune to attack in both jurisdictions, and, accordingly, was entitled to recognition by the Service. We relied, in part, on the decision of *Johnson* v. *Muelberger*, 340 U.S. 581 (1951), in reaching that result. We agree that our decision on *Matter of De Padova* governs the present proceedings.

In *Johnson* v. *Muelberger, supra*, the Supreme Court was faced with the issue of the right of a daughter to attack in New York the validity of her deceased father's Florida divorce. The Court reviewed their prior decisions dealing with recognition of sister state divorces, stating that:

> ... under our decisions, a state ... must give full faith and credit to an out-of-state divorce by barring either party to that divorce who has been personally served or who has entered a personal appearance from collaterally attacking the decree. Such an attack is barred where the party attacking would not be permitted to make a collateral attack in the courts of the granting state.

340 U.S. at 587. *Compare Williams* v. *North Carolina*, 325 U.S. 226 (1945) (*"Williams II"*) (judicial reexamination of findings of jurisdictional fact permitted where sister state has entered a divorce decree in *ex parte* proceedings). The Court then held that the daughter was barred from attacking the Florida divorce decree because her father

was barred from contesting the decree's validity, stating:

> When a divorce cannot be attacked for lack of jurisdiction by parties actually before the court or strangers in the rendering state, it cannot be attacked by them anywhere in the Union. The Full Faith and Credit Clause forbids.

340 U.S. at 589.

As recognized in *Matter of De Padova, supra,* the question in the present case is whether the courts of Puerto Rico would permit a collateral attack on the divorce decree involved.[1] The decree states that the petitioner appeared personally at the divorce hearing, her former husband was summoned, and he accepted all the facts of the complaint. Accordingly, this case does not involve the issue of whether Puerto Rico would permit a collateral attack on an *ex parte* divorce, thereby permitting such an attack in New York, the state in which the subsequent marriage of the petitioner was celebrated. *Cf. In re Estate of Carter,* 69 Misc. 2d 630, 331 N.Y.S. 2d 257 (Surr. Ct., N.Y. Co. 1972) (if plaintiff in an *ex parte* sister state divorce was clearly not domiciled in the divorcing state, the divorce will be considered void).

In *People* v. *Superior Court,* 99 P.R.R. 29 (1970), the Supreme Court of Puerto Rico refused to allow the District Attorney to collaterally attack a divorce decree entered by the Superior Court for lack of jurisdiction. The District Attorney alleged that neither of the parties to the divorce had the necessary residence or domicile in Puerto Rico, and requested that the Supreme Court void the decree. In its decision, the court noted that "[t]he jurisdiction and the venue of the court to entertain an issue are the responsibility, in the last instance, of the court itself." 99 P.R.R. at 36. Similarly, in *Rodriguez* v. *Albizu,* 76 P.R.R. 590 (1954), the court stated, in denying appellant the right to collaterally attack a judgment awarding alimony to his former wife, the general rule that:

> ... Even if [a] judgment is voidable, that is, so irregular or defective that it would be set aside or annulled on a proper direct application for that purpose, it is well settled as a general rule that it is not subject to colleteral impeachment as long as it stands unreversed and in force.

76 P.R.R. at 595.

It appears, therefore, that Puerto Rico would not allow a third party to attack a decree of divorce in which both parties to the marriage appeared. Accordingly, New York would give full faith and credit to the decree, thereby precluding a collateral attack in that state. *Weisner* v. *Weisner,* 17 N.Y. 2d 799, 271 N.Y.S. 2d 252 (1966); *see also*

---

[1] As pointed out by counsel for the petitioner, judgments of the courts of Puerto Rico are entitled to full faith and credit in all the states of the Union. *Americana of Puerto Rico, Inc.* v. *Kaplus,* 368 F.2d 431 (3 Cir. 1966), *cert. denied,* 386 U.S. 943 (1967); *Torres* v. *Gardner,* 270 F.Supp. 1 (D. P.R. 1967).

*McLoughlin* v. *McLoughlin*, 49 A.D. 2d 911, 374 N.Y.S. 2d 29 (2d Dept. 1975) (allegation of false testimony not the type of extrinsic fraud that will allow one state to deny a sister state's judgment full faith and credit). Since the Puerto Rican decree is immune to attack by the parties or strangers in Puerto Rico and New York, we find that the Service was in error in denying recognition to the divorce in these proceedings. Accordingly, the District Director's decision will be reversed and approval of the visa petition will be reinstated.

ORDER: The decision of the District Director is reversed, and approval of the visa petition is reinstated.