Bell *vs.* Hanks.

JAMES BELL, plaintiff in error, *vs.* STEPHEN L. HANKS, defendant in error.

1. Plaintiff recovered a judgment against defendant on December 9th, 1861. At the March term, 1869, the defendant moved to set aside said judgment on the ground that it had been rendered for the hire of a slave. The court so ordered. At the March term, 1874, the plaintiff moved to set aside said vacating order because based on a ground unknown to the law, unconstitutional, and beyond the jurisdiction of the court to pass. The court sustained the motion:

*Held*, correct.

2. The statute prescribing the time within which a judgment should become dormant, was an act of limitation, and was suspended during the late war, and until July 21st, 1868.

3. Notice of a motion to set aside a judgment should be given to the adverse party.

Constitutional law. Slave debt. Judgments. Statute of limitations. Notice. Before Judge KIDDOO. Clay Superior Court. March Term, 1875.

Reported in the decision.

R. E. KENNON, for plaintiff in error.

JOHN T. CLARKE, for defendant.

WARNER, Chief Justice.

This was a motion to set aside a judgment in Clay superior court. It appears from the record before us that on the 9th day of December, 1861, the plaintiff obtained a judgment against the defendant for the sum of $148 35 for his principal debt, with interest and costs of suit. Afterwards, at the March term of said superior court, 1869, the defendant in said judgment made a motion to set it aside, on the ground that the consideration of the debt on which said judgment was obtained, was for the hire of a negro slave. On the hearing of that motion the court rendered the following judgment: " It appearing that the consideration in the above stated case, (the names of the parties and judgment being stated,) was for ne-

gro hire, ordered that said judgment be set aside as well as the *fi. fa.* from it." At the March term of said court, 1874, the plaintiff in the original judgment made a motion to set aside the judgment rendered in 1869, setting aside his original judgment obtained in 1861, on the grounds that said order and judgment of 1869, as appears on the face thereof, was based on a ground wholly unknown to the law, and was in violation of the constitution of the United States and the constitution of this state; that the court had no jurisdiction to set aside the judgment of 1861, on the ground stated in the order and judgment of 1869; and because the order and judgment of 1869, was passed and rendered without any notice to the plaintiff of the motion therefor. On the hearing of the motion to set aside the order and judgment of 1869, the court sustained it, and ordered that judgment to be set aside. Whereupon the defendant in the original judgment of 1861 excepted, and assigns the same as error.

1. There was no error in setting aside the judgment of 1869 on the statement of facts disclosed in the record. My individual reasons in support of the judgment of the court below will be found in the case of *Prescott vs. Bennett,* 50*th Georgia Reports,* 266; and in my dissenting opinion in the case of *Tison vs. McAfee, Ibid,* 284; and in my dissenting opinion in the case of *Fannin vs. Durden,* 54*th Ibid.,* 476, and will not be again repeated here.

2. The plaintiff in error insisted, on the argument before us, that inasmuch as the original judgment was rendered in 1861, and more than seven years having elapsed from the date of that judgment before the motion to set aside the judgment of 1869 was made, the judgment of 1861 had become dormant, and for that reason the motion to set aside the judgment of 1869 should not have been allowed. The reply is, that the statute prescribing the time within which judgment liens shall be enforced or become dormant, is a statute of limitations, and the statute of limitations was suspended until the 21st of July, 1868, and therefore the judgment of 1861 was not dormant when the motion to set aside the judgment

of 1869 was made in 1874.    But it was not the judgment of 1861 the plaintiff made his motion to set aside, but the judgment·of 1869, and the seven years had not run from the date of this last named judgment, until the motion was made to set it aside at the March term of the court, 1874.

3.    We recognize the rule that *notice* should have been given to the plaintiff of the motion to set aside the judgment of 1861 when it was made in 1869.

Let the judgment of the court below be affirmed.