DIXON, MITCHELL & CO. *v.* BAXTER & CO. *et al.*

1. A judgment void upon its face may be treated as a nullity and collaterally attacked in any court; but a judgment of a superior court apparently regular and legal can, after the time for excepting thereto has expired, be set aside only by instituting a proper proceeding for that purpose in the court wherein such judgment was rendered.

2. Applying the familiar rules above announced to the present case, there was no error in sustaining the demurrer to the plaintiffs' petition.

Argued November 17,—Decided December 14, 1898.

Equitable petition. Before Judge Hansell. Echols superior court. March 8, 1898.

*S. T. Kingsbery*, for plaintiffs in error.
*Hitch & Myers, J. C. McDonald* and *L. A. Wilson*, contra.

LUMPKIN, P. J. "A judgment that is void may be attacked in any court, and by anybody. In all other cases, judgments can not be impeached collaterally, but must be set aside by the court rendering them." Civil Code, § 5373. "The judgment of a court of competent jurisdiction can not be collaterally attacked in any other court for irregularity, but shall be taken and held as a valid judgment until it is reversed or set aside." Ibid. § 5368. The law laid down in these two sections of our code is controlling in the present case.

Dixon, Mitchell & Co. filed in the superior court of Echols county an equitable petition against Baxter & Co. et al., seeking to set aside a certain judgment which had been rendered in the superior court of Clinch county, and praying for an injunction. This petition was dismissed on demurrer. Without setting forth in detail its allegations, it is sufficient to say that the judgment referred to was on its face valid and regular, and that the plaintiffs were not, so long as it remained of force, entitled to the injunction for which they prayed. It is true that the petition contained allegations which, if proved, might afford ground for setting the judgment aside. Upon this, however, it is not now necessary to pass definitely. The plaintiffs' case was clearly without merit, because the attack upon the judgment was made in the wrong jurisdiction. It should have been in the superior court of Clinch county, wherein the judgment was rendered. We agree with the learned, experienced, and venerable trial judge, that the court over which he presided had no jurisdiction to inquire into the validity of this judgment with a view to setting it aside and thus opening the way for granting the extraordinary relief sought.

*Judgment affirmed. All the Justices concurring.*