## CHAPMAN *v.* CHAPMAN.

Under the provisions of the Civil Code, § 2986, when a wife is living separate from her husband in a bona fide state of separation, she may institute a proceedings or petition for alimony, "and upon three days notice to the husband the judge may hear the same in term or in vacation, and grant such order as he might grant were it based upon a pending libel for divorce." The "notice" required must be served upon the defendant himself, and not upon his counsel, and the service must be personal and made by the sheriff or his deputy, in order to confer upon the court jurisdiction of the defendant and the subject-matter.

(a) In the present case the "notice" was to the attorney of the defendant by mailing him a copy of the order of the judge setting the application for temporary alimony on a day fixed in the order; and as it does not appear that the judgment was rendered in the case upon its call in its regular order upon the docket, and on the contrary appears that the case was specially assigned, the notice given was insufficient, and the court was without jurisdiction to grant temporary alimony in the ab-

sence of legal service upon the defendant himself three days in advance of the hearing.

(b) There is no merit in the contention that the notice prescribed by law is fatally defective for failure to state a definite hour for the hearing upon the day fixed for the hearing. Especially is this true in the present case, since it is certified by the judge of the superior court that under the rules of the court hearings in cases of alimony are set and are in order at eleven o'clock a. m.

No. 3768. JANUARY 18, 1924.

Temporary alimony. Before Judge Mathews. Bibb superior court. March 31, 1923.

*Daisy L. Churchwell,* for plaintiff in error.

*E. W. Maynard, John R. Cooper,* and *W. O. Cooper Jr.,* contra.

RUSSELL, C. J. On December 2, 1922, Mrs. Chapman filed, under the provisions of the Civil Code, § 2986, a petition for alimony, which was served upon the defendant on December 15, 1922. Nothing further appears to have been done in the case until March 27, 1923. It is true that there was an effort made to set a day for a hearing on the question of temporary alimony, by an order issued December 2, 1922; but as the order by mistake required the defendant to show cause on November 16, and there was no service until December 15, this effort was abortive and amounted to nothing. During the pendency of this suit the plaintiff (apparently being unaware that the suit filed December 2, 1922, was pending) filed a second suit to the April term, 1923, employing different counsel. On March 27 this second suit was dismissed by counsel for plaintiff on his own motion, and an order was taken to that effect, which also contained a provision that suit number 34, February term, 1923, for temporary and permanent alimony, be assigned for a hearing on Saturday, March 31, 1923. It appears from the record that counsel for the plaintiff, in pursuance of the order of March 28, mailed to counsel for the defendant a copy of the order of the judge assigning the case; and defendant's counsel replied on March 30, the day before that fixed for the hearing, acknowledging receipt of the copy of the order signed by Judge Mathews, and stating that "Under the circumstances of the case I will not instruct my client to abandon his work for a hearing tomorrow. You will see from the order you sent me that it is defective in that there is no time set for a hearing, the order reading that the case is signed for hearing Saturday, March 31st. If some definite particular time had been set out, I would have felt

authorized to have called the same to the attention of the defendant. You will see from this letter that I do not anticipate being at any proposed hearing, the hour for which is not set out in the order. The defendant will not be there either, as I have not felt warranted in holding him off from work for a whole day." Counsel for the plaintiff presented this letter to the court; and after the plaintiff had testified to the allegations of her petition, neither the defendant nor his counsel being present at the hearing, the judge rendered a judgment in favor of the plaintiff and against the defendant, awarding her $10 per week for alimony beginning on April 7, 1923, and continuing until the further order of the court, as well as judgment for $40 attorneys fees. To this judgment the defendant excepted upon the grounds, first, that the court erred in assigning said case for trial without any time being set for said hearing; second, in proceeding with said hearing in the absence of the defendant's legal appearance before the judge.

There is absolutely nothing in the point that no particular hour of the day was mentioned in the order of the judge. We are unaware of any requirement that requires a rule nisi to fix a particular hour when the court will hear a particular case. It is the duty of parties and counsel to acquaint themselves with the hours during which the courts are held; and it would be entirely impracticable for a court to preclude itself from the consideration of a case except at some particular minute on the clock fixed by a previous order. The court might set a dozen or more different hearings for the same day, and yet it would not be practicable to say that one should be heard at 9:30 and another at 1:40, when it would be entirely beyond the power of court, counsel, or parties to foretell the exact length of time required for any one of these numerous hearings. Especially is there no merit in this point in this particular case; for it appears in the bill of exceptions itself that it was the practice known to the members of the bar of Macon, including the counsel for the defendant in this case, that hearings of applications for temporary alimony were in order at eleven o'clock a. m. of the day set for the hearing.

It is doubtful whether the assignment of error in the bill of exceptions raises the point that the court was without jurisdiction to grant the order rendered as and when he did; but deciding that the language used in the bill of exceptions will bear that construc-

tion, we think the court erred in entering the judgment rendered in the absence of evidence that the defendant himself had been personally served by the sheriff with notice of the hearing, as contained in the order of the judge assigning the case for a hearing on March 31, 1923. The sending to defendant's counsel by mail of a copy of the judge's order was not a legally sufficient substitute for the notice provided by law, and resulted in the defendant having no notice that the hearing was being had, and no day in court. The case would have been entirely different if the case of Chapman v. Chapman, petition for alimony, number 34, had been called in its regular order on the docket. In that event, the defendant having been served, and the trial term having been reached and passed, it would have been within the power of the court to render any judgment or decree authorized by law under the evidence in the case.

Solely upon the ground that the failure of the service of a notice as required by the provisions the Civil Code, § 2986, deprived the court of jurisdiction to render the judgment at a special hearing set for that purpose, the judgment of the lower court must be

*Reversed. All the Justices concur.*