### 22174. PERRY v. FLETCHER.

STEPHENS, J. 1. A person who is non compos mentis, feeble-minded, and incapable of handling his property, or of understanding or completing the simplest business transaction, although he may not have been legally

adjudged a lunatic or a person non compos mentis, is incapable of binding his estate by any contract entered into by him, and is incapable of accepting service or defending a lawsuit instituted against him; and where such a person was sued upon what purported to be a contractual obligation entered into by him, and was served only by the leaving of a copy of the petition and process at his residence, and was not represented in the suit by any guardian or other person appointed to look after his interests, a judgment rendered against him in the suit may, in a proper proceeding brought in his behalf, be set aside as invalid. Civil Code (1910), §§ 4232, 4237; *Foster* v. *Jones*, 23 *Ga.* 168; *Ward* v. *Miller*, 143 *Ga.* 164 (84 S. E. 480); *Watkins* v. *Stulb*, 23 *Ga. App.* 181 (98 S. E. 94). Such insane person may, after the time for excepting to the judgment has expired, institute, by next friend, in the court in which the judgment was rendered, proceedings in the nature of a motion to set aside the judgment as being void. This is true notwithstanding the plaintiff in the suit in which the judgment was rendered is a nonresident of the county. *Dixon* v. *Baxter*, 106 *Ga.* 180 (32 S. E. 24); *Union Compress Co.* v. *Leffler*, 122 *Ga.* 640 (50 S. E. 483); *Schulze* v. *Schulze*, 149 *Ga.* 532 (101 S. E. 183); *Perry* v. *Fletcher*, 174 *Ga.* 180 (162 S. E. 285).

2. The petition, which was one in the nature of a motion to set aside the judgment complained of, set out a cause of action, and the court did not err in overruling the demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 14, 1933.

*Philip Newbern, H. L. Rogers, McDonald & McDonald,* for plaintiff in error.

*R. D. Smith, Jay & Garden,* contra.

