23614. STRICKLAND *v.* WILLINGHAM, solicitor-general, *et al.*

DECIDED JULY 19, 1934.

*O. M. Duke, C. L. Redman, J. B. Mallet,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.

JENKINS, P. J.   Proceedings were instituted under sections 4969 et seq. of the Civil Code (1910), to disbar Strickland as an attorney at law.   An entry was made by the sheriff, on the order of the judge to show cause why the attorney should not be disbarred, that he had been served by leaving a copy "at his most notorious place of abode."   On August 27, 1927, after a hearing in the absence of the attorney, the judge entered an order disbarring him.   On August 21, 1933, Strickland presented to the judge his petition, asking reinstatement as an attorney, and the setting aside of the judgment as null and void for lack of personal service upon him. The sworn petition alleged that the attorney "had no notice or knowledge of said proceedings to remove and disbar him as an at-

torney at law until long after the judgment was entered removing and disbarring him." Two thirds of the attorneys of the bar of Butts county, where the attorney was admitted and the judgment was rendered, signed a petition asking his reinstatement. The solicitor-general of the circuit and the sheriff, who made the entry of service were made parties to the petition, and acknowledged service. The judge refused to grant a rule nisi calling upon the defendants to show cause why the judgment should not be set aside; and refused to reinstate the petitioner as an attorney. The petitioner excepts to this judgment. No question is legally raised or presented by the record as to whether the petitioner had purposely and wilfully by his own conduct avoided and prevented personal service.

Where proceedings are taken to disbar an attorney under the above-cited sections of the code, if the court is of the opinion that the "accusation would, if true, be grounds of removal," the court shall "make an order requiring the accused to appear and answer the same at a specified day during the same or at the next term, and must cause a copy of the order and accusation to be served on the accused within a prescribed time before a day appointed in the order." Civil Code (1910), § 4972. It is contended that service of this order by the sheriff upon the accused attorney by leaving a copy at his most notorious place of abode is sufficient. It is insisted that section 5563 of the Civil Code is applicable. In that section it is provided that leaving a copy of the petition and process at the defendant's residence shall be sufficient. This section changed the old common-law rule. It is a codification of the act of 1799, as amended by the act of 1829 and as amended by the act of 1856. See Cobb's Digest 471, 472; Acts 1855-6, p. 136. At common law all service has to be personal. The act of 1799 authorizes service to be made by leaving a copy of the petition and process at the most notorious place of residence of the defendant. By our statutes, notorious place of residence and notorious place of abode are legally synonymous. *Water Lot Co.* v. *Bank of Brunswick*, 30 *Ga.* 685. It will be noted that section 5563 of the Code applies to service of petitions and process. It therefore does not apply to a proceeding of the kind under consideration, which is a quasi-criminal proceeding. Special provision has been made for service of the accusation and order by sections 4969 et seq., which

provide that a copy of the same be served on the accused, and do not provide that service shall be sufficient by leaving a copy of the order at the residence of the accused attorney. It has been held that the provisions of section 5563 do not even apply to a proceeding for alimony under section 2986 of the Code, or to service of a writ of scire facias to revive a dormant judgment, or to service of the rule nisi in mortgage foreclosure proceedings. In such cases, as here, there are special statutory methods of service, and in them there are no provisions for service upon the opposite party by leaving a copy at his place of residence or most notorious place of abode. In these instances personal service was held to be necessary. *Baldwin* v. *Baldwin,* 116 *Ga.* 471 (42 S. E. 727) ; *Chapman* v. *Chapman,* 157 *Ga.* 330 (121 S. E. 328) ; *Atwood* v. *Hirsch,* 123 *Ga.* 734 (51 S. E. 742) ; *Southern States Phosphate Co.* v. *Clark,* 149 *Ga.* 647 (2) (101 S. E. 536). It has been held that "at common law, service of writs was required to be personal; and therefore a statute providing for service should be construed to require personal service, unless the contrary intent plainly appears." *Anderson* v. *Albany &c. Ry. Co.,* 123 *Ga.* 318, 319 (51 S. E. 342). This ruling is in keeping with the familiar doctrine that statutes in derogation of the common law should be strictly construed and pursued. The statute providing for service of the order of the judge requiring the appearance of the accused attorney to answer the charges brought against him does not provide any method of service thereof other than that it "be served on the accused." It is our opinion that this statute contemplates personal service of such order upon the accused attorney, and that service upon him by leaving a copy of the order at his most notorious place of abode was insufficient and did not give the judge of the superior court jurisdiction of the person of the accused attorney.

However, it is further contended that the plaintiff has waited too late to move to set aside said judgment and be reinstated as an attorney at law, by having waited seven years after the rendition thereof before attacking the same. It will be noted that it appears from the petition of the plaintiff that he was not aware of this judgment of disbarment. The attack upon the judgment was that it was void. It was not an effort to set aside a judgment where there was jurisdiction of the person. A judgment against the person of a defendant, without notice to him or an appearance

by him, is without jurisdiction and entirely void. *Weaver* v. *Webb*, 3 *Ga. App.* 726 (60 S. E. 367). A void judgment is a mere nullity and may be attacked in any court by anybody. Civil Code, §§ 5964, 5968. The attack upon the judgment being that it was void, the statute of limitations (Civil Code, § 4358) that all actions to set aside judgments must be brought in three years is not applicable. See *Buchan* v. *Williamson*, 131 *Ga.* 501 (4) (62 S. E. 815).

This writ of error being upon exceptions taken to the refusal of the judge to grant a rule nisi upon the petition to set aside the judgment of disbarment, and it appearing from the sworn petition that the attorney "had no notice or knowledge of said proceedings to remove and disbar him until long after the judgment was entered removing and disbarring him," no question is legally raised or presented by the record as to what the rule would be if it appeared that the petitioner had purposely and wilfully by his own conduct avoided and prevented personal service. Accordingly, it was error to refuse to sanction the petition and issue a rule nisi, calling upon the defendants to show cause why the prayers of the petition should not be granted.

*Judgment reversed. Stephens and Sutton, JJ., concur.*