PAYNE *v.* McCRARY, administrator.

DUCKWORTH, Justice. The sole issue presented by the record and argued by counsel is whether or not the previous judgments against the plaintiff in error, involving the same lands, constitute res judicata. The su-

perior court of Floyd County is a court of general jurisdiction, and its judgment can not be collaterally attacked, unless the invalidity of such judgment appears on its face. Code, § 110-708; *Dixon* v. *Baxter*, 106 *Ga.* 180 (32 S. E. 24); *Hood* v. *Hood*, 143 *Ga.* 616 (85 S. E. 849); *Mc-Leod* v. *McLeod*, 144 *Ga.* 359 (87 S. E. 286); *Schulze* v. *Schulze*, 149 *Ga.* 532 (101 S. E. 183). Any attack upon such a judgment not void on its face must be made in a direct proceeding for that purpose. *Dunagan* v. *Stadler*, 101 *Ga.* 474, 479 (29 S. E. 440); *Dixon* v. *Baxter*, supra. Until set aside in the manner above indicated, such a judgment is conclusive as against the parties thereto concerning the subject-matter thereof. Applying these rules of law to the facts in the instant case, the judgment of the superior court of Floyd County in favor of the administrator of the estate of Mrs. M. M. A. Carlson and against the present plaintiff in error was an adjudication of the title to the land here involved, and constituted a bar to the right of the plaintiff in error to prosecute the claim in the instant case.

*Judgment affirmed. All the Justices concur.*

No. 12621.  FEBRUARY 17, 1939.

*John Camp Davis,* for plaintiff.
*Lanham & Parker,* for defendant.