36874. ATLANTIC COAST LINE RAILROAD COMPANY *et al. v.* McNAIR.

DECIDED OCTOBER 17, 1957.

*Stevens & Stevens,* for plaintiffs in error.

*Randall Evans, Jr.,* contra.

QUILLIAN, J. Code § 70-306 requires that the opposite party in all applications for new trial must be served with a copy of the rule nisi, unless such service is waived.

It is essential for the validity of a motion for new trial that it be filed in the clerk's office, and until it is so filed it is a mere private paper. Acknowledgment of service of such a private paper, purporting to be a motion for new trial is a mere nullity. *Hilt* v. *Young,* 116 *Ga.* 708 (43 S. E. 76); *Shirley* v. *Morgan,* 170 *Ga.* 324 (152 S. E. 831); *United States Fidelity &c. Co.* v. *First Nat. Bank of Cornelia,* 149 *Ga.* 132 (1a) (99 S. E. 529).

In the present case, the acknowledgment of service being two days prior to the filing of the motion for new trial, service as required by Code § 70-306 was not perfected.

This brings us to the question of whether counsel for the

plaintiff waived the required service by his acknowledgment of April 4, 1957. In *Trammell* v. *Throgmorton,* 210 *Ga.* 659 (82 S. E. 2d 140) an acknowledgment which read: "Due and legal service of the within motion and order acknowledged; copy received. This the 16 day of October, 1952," was held to constitute a waiver of further service. In that case the court based its decision on that part of the acknowledgment which read: "due and legal service of the within motion and order acknowledged." In the present case the acknowledgment of service signed by counsel for the plaintiff did not state that it was "due and legal", and the required service was not waived.

The trial judge did not err in dismissing the motion for new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*