### 37492. DUPREE v. TURNER.

QUILLIAN, Judge. 1. Where, in a proceeding under the terms of Section 1 of the Act of the General Assembly of 1935 (Ga. L. 1935, p. 381; Code, Ann., §§ 37-608 to 37-611), providing for the confirmation and approval of sales of realty, sold on foreclosures, without legal process, under power contained in a security deed, such power is exercised by the grantee, who is the purchaser at such sale, and who petitions the superior court of the county wherein the land lies, praying the issuance of a rule nisi directed to the grantor in the deed; and, where the court issues the rule nisi, but the record is silent as to service and return of such rule, but the court, after reciting in its judgment that "after due and legal notice to the defendant and the defendant making no appearance," approves and confirms the sale, it is error for such court to sustain demurrers to, and dismiss, the defendant's *verified* motion to set aside the judgment, filed during the same term at which the judgment confirming the sale was entered, wherein it is alleged (among other facts) that "no directed notice by the judge" of the hearing was ever served upon her, that the rule nisi was never served upon her by anyone, that she did not acknowledge service of the rule, that she did not have any notice of the proceedings, nor consent to them, nor was any paper served upon her except a letter from counsel for the grantee, received by her through the mails fifteen days prior to the filing of the petition and twenty-three days prior to the hearing inviting her to be present at the hearing; and the trial court abused its discretion in holding that such letter constituted sufficient notice, and in sustaining the demurrers to, and dismissing, the motion to set aside the judgment confirming the sale. See in this connection Code § 110-709;

*Strickland* v. *Willingham*, 49 *Ga. App.* 355 (175 S. E. 605);
*Weaver* v. *Webb*, 3 *Ga. App.* 726 (60 S. E. 367); *Gormley* v.
*Watson*, 48 *Ga. App.* 46 (171 S. E. 880); and cit.; *Union
Compress Co.* v. *Leffler & Son*, 122 *Ga.* 640 (1) (50 S. E. 483);
*Perry* v. *Fletcher*, 46 *Ga. App.* 450 (167 S. E. 796); *Plunkett*
v. *Neal*, 201 *Ga.* 752 (41 S. E. 2d 157); *Bell* v. *Hanks*, 55 *Ga.*
274 (3).

2. "In 15 R.C.L. 893, it is said: 'According to the common-law
rule, adhered to at the present time in most of the States, the
presumption in favor of the jurisdiction of a court of general
jurisdiction is conclusive, and its judgment cannot be *collat-
erally* attacked where no want of jurisdiction is apparent of
record. Whenever the record of such a court is merely silent
upon any particular matter, it will be presumed, notwith-
standing such silence, that whatever ought to have been done
was not only done but that it was rightly done. So where
the judgment contains recitals as to the jurisdictional facts
these are deemed to import absolute verity unless contradicted
by other portions of the record. Consequently such a judg-
ment can not be *collaterally* attacked in courts of the same
State by showing facts aliunde the record, although such facts
might be sufficient to impeach the judgment *in a direct pro-
ceeding* against it. The validity of a judgment when
*collaterally* attacked must be tried by an inspection of the
judgment roll alone, and no other or further evidence on the
subject is admissible, not even evidence that no notice had
been given.' [Italics added.] See also 1 Freeman on Judg-
ments (5th ed.), § 375 et seq." *Owenby* v. *Stancil*, 190 *Ga.*
50, 61 (8 S. E. 2d 7); *Thomas* v. *Lambert*, 187 *Ga.* 616 (1 S.
E. 2d 443). The present case involves a *direct attack* on the
judgment sought to be set aside in the court which rendered
it and, under the decisions cited in the foregoing division of
this opinion, is maintainable during the term at which the
judgment under attack was entered. See in this connection,
*Hall* v. *First Nat. Bank of Atlanta*, 87 *Ga. App.* 142 (73 S.
E. 2d 252); *Hunter* v. *Gillespie*, 207 *Ga.* 574 (63 S. E. 2d 404);
*Cofer* v. *Maxwell*, 201 *Ga.* 846 (41 S. E. 2d 420).

3. At the time counsel for the grantee, by letter, invited the
grantor to be present at a hearing to confirm the sale, no
petition had been filed, and no notice had been directed of
any such hearing by the court. Such notice was at best a

private paper and notice of a private paper, assuming the petition had even been drawn. *Atlantic Coast Line R. Co. v. McNair,* 96 *Ga. App.* 519 (100 S. E. 2d 639). "It is an unquestioned principle of natural justice that a man should have notice of any legal proceeding that may be taken against him, and a full and fair opportunity to make his defense. The law never acts by stealth; it condemns no one unheard." 1 Black on Judgments 330, § 220. If the character of the notice to be given in a judicial proceeding is not specifically prescribed it is the duty of the court in which the proceedings is initiated to direct the nature and form of notice that shall be given. The notice to be given under the act of 1935 is to be directed by the court and the notice directed was a rule nisi, and it was to this notice the grantor was entitled in the absence of any waiver, express or implied, on her part.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED FEBRUARY 18, 1959—REHEARING DENIED MARCH 30, 1959.

*Houston White, Beryl H. Weiner,* for plaintiff in error.
*Johnson, Hatcher & Meyerson, Henry M. Hatcher, Jr.,* contra.