*Oze R. Horton*, for appellant.

23532. WEATHERLY v. CITIZENS & SOUTHERN NATIONAL BANK OF MACON.

DUCKWORTH, Chief Justice. This is a companion case to *Weatherly v. Hatcher*, ante, although the parties are different, it was filed in a different county, and not entirely the same relief was sought. However, neither case is controlled by the other, hence separate rulings are required. The lower court sustained a general demurrer and dismissed the petition which sought to (1) declare a trust agreement null and void; (2) declare the consent decree in a different court whereby the agreement was reached null and void; and (3) remove the defendant as trustee. The appeal is to that judgment. *Held:*

1. A petition to cancel a deed fails to allege a cause of action if it fails to make both the grantor and grantee parties thereto. *Sowell v. Sowell*, 212 Ga. 351 (92 SE2d 524); *Poole*

*v. Poole,* 220 Ga. 3 (136 SE2d 745). The grantor and settlor is not a party to this action.

2. The judgment of a court of competent jurisdiction may not be collaterally attacked in any other court for irregularity unless its invalidity shows on its face. *Code* § 110-708; *Payne v. McCrary,* 187 Ga. 573 (1 SE2d 724); *Owenby v. Stancil,* 190 Ga. 50, 58 (8 SE2d 7). While a void judgment may be attacked in any court by any person (*Code* § 110-701), the allegations fail to show the Bleckley Superior Court decree here under attack was void on its face, and these allegations are totally insufficient to set it aside. *Dixon v. Baxter,* 106 Ga. 180 (32 SE 24).

3. Under *Code* § 37-1303, all interested parties in a trust must be notified before the court will proceed to remove trustees under a petition therefor; and none are so named and served. All are necessary and proper parties to this action. However, considering all the allegations of misfeasance, malfeasance and nonfeasance, the trust agreement attached to the petition contains broad discretionary powers to be used by the trustee in the handling of the properties, and nowhere does the petition allege such gross abuse of such discretionary powers as to allege a cause of action for the removal of the trustee under the trust instrument.

4. The petition thus fails to allege a cause of action for any of the relief sought, hence the lower court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1966—DECIDED JUNE 23, 1966.

*Everett Almon,* for appellant.
*William C. Turpin, Will Ed Smith,* for appellee.

