47268. ROY D. WARREN COMPANY, INC. v. WAGNON et al.

EBERHARDT, Presiding Judge. Lee Lumber & Supply Company brought its complaint against W. A. Wagnon on open account for materials supplied for construction projects. Wagnon filed a third-party complaint against Roy D. Warren Company, Inc., alleging that by virtue of an agreement entered into by them and two other corporations, Wagnon was entitled to recover from Warren all or part of any sum which plaintiff might recover from him.

The agreement, dated May 25, 1968, provided in general that Warren, who was financing the construction, would advance additional money to laborers and materialmen on behalf of Wagnon and the two corporations to enable them to close out the projects. On September 17, 1970, Warren filed a motion for summary judgment, which was denied on March 30, 1971. No certificate of review was obtained as to this judgment, and no appeal was taken. On December 10, 1971, Warren, in one document, filed three additional "motions" for summary judgment, or a motion on three additional grounds, which was denied in one judgment on February 29, 1972. Warren appeals from the latter judgment with a certificate of review. *Held:*

1. According to Warren's brief, "the first motion for summary judgment was based upon the unambiguous provisions of the agreement dated May 25, 1968, and upon the affidavit of Ralph L. Eskew, president of the plaintiff"; and "the undisputed facts set forth in Mr. Eskew's affidavit show that the indebtedness for which the plaintiff had sued Wagnon in this case arose and accrued prior to May 25, 1968"; thus "the primary question is whether the agreement provided that [Warren] would pay any indebtedness accruing prior to May 25, 1968." It is asserted that "the agreement of May 25, 1968 is clear on its face—[Warren] did not undertake to pay any debts which had accrued prior to that date." The other motion or motions for summary judgment filed later and considered below assert separate grounds distinct from that set out above. Accordingly the order of March 30, 1971, denying the first motion for summary judgment, and the grounds urged in support of that motion, are not reviewable. *Code Ann.* § 6-701 (a) (4); CPA § 56 (h) (*Code Ann.* § 81A-156 (h)); *Carroll v. Campbell,* 226 Ga. 700 (177 SE2d 83), affirming *Campbell v. Carroll,* 121 Ga. App. 497 (2) (174 SE2d 375); *Moulder v. Steele,* 118 Ga. App. 87 (3) (162 SE2d 785); *Rustin Oldsmobile, Inc. v. Kendricks,* 123 Ga. App. 679 (1) (182 SE2d 178); *Stone v.*

*Hall,* 124 Ga. App. 564 (4) (184 SE2d 502); *J. H. Ewing & Sons v. Montgomery,* 124 Ga. App. 836 (3) (186 SE2d 335) and cases collected.

2. In support of grounds 1 and 2 of the motion filed December 10, it is contended that Preferred Investments, Inc., a corporation owned by Wagnon and one of the parties to the agreement, though not a party to this case, owed the debt sued upon by plaintiff and not Wagnon. We are cited no authority as to whether such an adjudication on third-party defendant's motion for summary judgment against third-party plaintiff would be binding upon plaintiff and, if not, as to whether summary judgment could properly be granted a third-party defendant on the basis asserted absent any other such adjudication binding upon plaintiff. In any event Warren has not carried its burden in support of this theory by showing that there is no genuine issue of material fact as to whether Wagnon or Preferred Investments owed the debt to plaintiff.

3. In support of ground or "motion no. 3," and apparently in support of grounds 1 and 2, it is contended that Wagnon is asserting in his third-party complaint a claim against Warren for acts and omissions occurring after May 25, 1968, which would not involve plaintiff's claim against Wagnon for materials furnished prior to May 25. The factual basis of this contention rests upon certain statements by Wagnon in his discovery deposition that he was also displeased with Warren in regard to matters occurring after May 25. However, regardless of what Wagnon may or may not think with respect to additional claims, these claims are not included in the third-party complaint, and there is no merit in the contention that the third-party complaint seeks to assert separate and independent claims.

*Judgment affirmed. Deen and Clark, JJ., concur.*
ARGUED MAY 25, 1972—DECIDED JULY 7, 1972—
REHEARING DENIED JULY 24, 1972.

*Powell, Goldstein, Frazer & Murphy, David R. Aufden-spring,* for appellant.

*John E. Feagin,* for appellee.