## 49360. JOLLY v. EGERTON.

STOLZ, Judge.

Pursuant to Code Ann. § 67-1503 (Ga. L. 1935, p. 381), Jolly, as grantee under a security deed and purchaser at the sale under power of the realty situated in Cherokee County, obtained an order from the Superior Court of Cherokee County confirming and approving the sale. The grantor, Egerton, made no appearance at the confirmation hearing, although he was personally served with notice thereof conforming to Code Ann. § 67-1505 (Ga. L. 1935, p. 381). Thereafter, Jolly sued Egerton in the State Court of DeKalb County for the balance due on the promissory note. The defendant answered, stating as a first defense that the complaint failed to state a claim. The second defense consisted of a general denial of the various paragraphs of the complaint, with explanations, the gist of which was, that he executed the note and security deed as trustee, and the plaintiff accepted them as such; that the various notices sent to him were directed to him individually and not as trustee. The trial judge denied both parties' motions for summary judgment, and the plaintiff appeals via certificate for immediate review.

1. The defendant executed both the promissory note and the security deed of the same date with his name only. There is nothing on or in either instrument indicating that they were signed in a representative capacity. The defendant's contention that he executed and delivered the instruments as "trustee" with the plaintiff's knowledge and acceptance, is in clear violation of the parol evidence rule and affords the defendant no defense to this action. See Code § 38-501 and annotations thereunder.

Moreover, even if the word "Trustee" appeared following the defendant's name on the instruments, this would not be sufficient. "An instrument signed by one as

. . . trustee . . . without more, shall be the individual undertaking of the maker, such words being generally words of description." Code § 4-401. See also *Fargason v. Ford,* 119 Ga. 343 (46 SE 431); Code Ann. § 109A-3—403 (2) (Ga. L. 1962, pp. 156, 257).

"When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." Code Ann. § 109A-3—307 (2) (Ga. L. 1962, pp. 156, 256). The production of the note signed by the defendant with his name only, neither naming the party or parties for whom he was allegedly trustee nor showing that he signed in a representative capacity — established the plaintiff's prima facie right to recover thereon. The defendant neither offered any evidence in support of his contention that he executed the instruments in a representative capacity nor established any defense in opposition to the plaintiff's motion for summary judgment.

2. The defendant attempted to collaterally attack the confirmation proceedings for the first time in his motion for summary judgment, by which he sought to have the proceedings declared null and void in that they were not brought in the county of his residence, allegedly in violation of Art. VI, Sec. XIV, Par. VI of the Constitution of Georgia of 1945 (Code Ann. § 2-4906). The defendant did not seek judicial review of the denial of his motion for summary judgment and such is not before us for determination. (This court would not have jurisdiction of an appeal involving the merits of said motion, since the same involves the constitutionality of a statute.)

3. For the reasons expressed in Division 1 hereof, the trial judge erred in denying the plaintiff's motion for summary judgment.

*Judgment reversed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED MAY 8, 1974 — DECIDED JUNE 12, 1974 — REHEARING DENIED JUNE 28, 1974.

*Harris & Martin, Robert B. Harris, Nancy Pat*

*Phillips,* for appellant.
*E. T. Hendon, Jr.,* for appellee.