## 50028. EGERTON v. JOLLY.

Deen, Presiding Judge.

The record in this case, with the exceptions noted,

is the same as that in *Jolly v. Egerton,* 132 Ga. App. 243 (207 SE2d 634). Jolly, having foreclosed on the appellant's real estate and having obtained an order of confirmation, brought a complaint seeking a deficiency judgment. Both parties filed for summary judgments; the motions were denied and Jolly appealed. This court noted that Egerton's motion involved the constitutionality of a statute, of which this court had no jurisdiction, and further held that the trial judge erred in denying the plaintiff's motion.

After the Court of Appeals remittitur was received in the trial court the following order was entered in the case: "The within case having been appealed to the Court of Appeals, it is hereby considered, ordered and adjudged that the ruling of the appellate court is hereby made the judgment of this court, and . . . plaintiff shall have and recover of the defendant the principal sum of $7,580.74 and $2,576.44 interest, plus $84.50 costs of court." Egerton appealed from this order and further enumerated error on that part of the original summary judgment order adverse to him which was the basis of the prior appeal. The appeal was directed to the Supreme Court which transferred it to this court. *Held:*

1. There is literally nothing for us to decide. The basis of the attack on both orders involves the constitutionality of Code Ann. § 67-1503 relating to notice provisions and the county of confirmation of sale. This court stated in the prior opinion that it "would not have jurisdiction of an appeal involving the merits of said motion, since the same involves the constitutionality of a statute." Under Code Ann. § 81A-160 (h) "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." The transfer of the case by the Supreme Court to this court is a final determination that no constitutional question was in fact properly raised or, if so raised, that it was not meritorious. The final order of the trial court does no more than adopt the language of the opinion in the first appeal and mathematically calculate the amount owing. The first opinion, therefore, was dispositive of all issues

and became the law of the case.

2. The appellee has moved for the imposition of 10% damages for a frivolous appeal under Code § 6-1801, based on the following additional facts: Defendant Egerton's motion for summary judgment was filed December 17, 1973 and denied January 30, 1974. Jolly appealed but Egerton did not. The Court of Appeals reversed the judgment of the trial court denying Jolly's motion for summary judgment on June 12, 1974. This judgment was made the judgment of the trial court, and summary judgment granted to the plaintiff, on August 21, 1974. Egerton filed a notice of appeal on September 18, 1974 and the case was docketed in the Supreme Court on October 2. On the same day a pleading denominated an amendment to the motion for summary judgment of December, 1973, was filed in the trial court. It was of course never considered by the trial judge, but in due course of time was forwarded to this court as an "addendum" to the motion.

First, it is obvious that the purported amendment, never having been considered by the trial court, has no place in the record on appeal. Secondly, even if it had, it raises the exact constitutional objection set out in the original motion and commented on in the former opinion rendered by this court. That leaves only the motion itself, dated December, 1973, and attempted to be enumerated as error in October, 1974. But it has been clearly settled that "[a]bsent a proper [10-day] certificate the review of the denial of a summary judgment is not subject to an appeal . . . under no circumstances is a judgment denying a summary judgment reviewable in the absence of a certificate of the trial judge." *Carroll v. Campbell,* 226 Ga. 700 (177 SE2d 83). Identical rulings were made in *Souter v. Carnes,* 229 Ga. 220 (4) (190 SE2d 69); *Southernaire Corp. v. Worley,* 230 Ga. 486 (197 SE2d 726); *Roy D. Warren Co. v. Wagnon,* 126 Ga. App. 776 (1), 777 (191 SE2d 894); *State Hwy. Dept. v. Hall Paving Co.,* 127 Ga. App. 625 (194 SE2d 493), and Code Ann. § 81A-156 (h) itself clearly states that an order denying summary judgment is not subject to review "by direct appeal or otherwise" in the absence of such certificate.

The second appeal, almost a year later and after the

first appeal clearly setting out the law of this case that the opposite party was entitled to summary judgment had been published, presents absolutely nothing for adjudication. Where there is no issue of fact and all questions of law raised on an appeal have already been settled, so that no reason for the appeal presents itself except to secure a delay in the payment of the debt, damages may be awarded under Code § 6-1801. *Southern R. Co. v. Hooper,* 110 Ga. 779 (3) (36 SE 232).

The appellee's motion for assessment of 10% of the judgment as additional damages for frivolous appeal is granted.

*Judgment affirmed with direction. Evans and Stolz, JJ., concur.*

ARGUED JANUARY 13, 1975 — DECIDED JANUARY 30, 1975.

*E. T. Hendon, Jr.,* for appellant.
*Harris & Martin, R. Britt Harris, Jr.,* for appellee.