## 52366. NEWTON v. BURKS et al.

CLARK, Judge.

Defendants below have brought this appeal upon the ground that the trial court erred in directing a verdict for plaintiffs.

The litigation revolved around an aborted sale of restaurant equipment which had been used at various times in eating establishments. Among these was a business known as "Mike's Grill" which had been operated individually by Melvin F. Burks, Sr. He and his wife are the plaintiffs. These trade fixtures had also been in another restaurant which had been operated by his wife, Jo Burks, and her sister, Mrs. Sara J. Cook, as a partnership known as "East Point Dining Room." Defendants had agreed to buy the trade fixtures from Mr. and Mrs. Burks. After making a binder deposit of $2,200 they later gave the seller-plaintiffs a check for $4,300 and a promissory note for $7,500. A contretemps developed as a result of intervention by Mrs. Cook, the former partner. She informed the buyers that the vendors could not convey good title by reason of her interest as a former partner. Buyers then stopped payment on the check. After settlement negotiations failed the sellers sued the buyers for the amounts represented by the check and promissory note. Buyers counterclaimed for their binder deposit.

During a two-day trial there was considerable testimony as to the validity of title and how the equipment had been originally acquired. Evidence was also introduced as to the manner in which defendant buyers had attempted rescission. The court's decision to direct a verdict for plaintiffs was based on the ground that defendants had not promptly rescinded the contract and restored the restaurant equipment to plaintiffs. *Held:*

1. The motion to dismiss the appeal is denied.

2. We find it necessary to reverse. This reversal is based upon the trial transcript disclosing existence of a conflict in the evidence as to two material issues: (1) whether there had been an unconditional tender; and (2) if unconditionally made, was it timely?

There is evidence developed by skillful cross examination wherein defendant-buyers had conditioned their tender upon a return of their binder deposit. Nevertheless, the transcript at page 61 shows evidence of an unconditional tender made to the plaintiffs. Also at page 121 is evidence of an unconditional tender made to the former partner. The credibility of this evidence was for the jury.

3. Likewise for jury determination is the question of the timeliness of the tender. Code § 20-906 reads: "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." In *Jordy v. Dunlevie,* 139 Ga. 325 (77 SE 162), our Supreme Court considered the meaning of the word "promptly" as used in this Code section. At page 330 the court said: "What is the meaning of the word 'promptly' as used in the statute? Some of its synonyms are, at once, quickly, readily, seasonably, timely, expeditiously. . . When the fraud is discovered the party defrauded is put to his election to disaffirm the contract. He should not delay without cause. He has in his possession the property or money of the other party, which he can not retain if he intends to rescind. He must therefore proceed with his offer to restore what he has received, with that promptitude which the nature of the case and environment of the circumstances would require . . . What might be termed as prompt action in one case might in another instance be regarded as inexcusable laches."

Thus, "The question as to what is a reasonable or proper time within which to rescind a contract depends upon the facts of the particular case and is ordinarily a question for the jury . . ." 17 AmJur2d 992, Contracts, § 510; Annot., 72 ALR 726. And, under the circumstances of

this case, the trial court erred in holding as a matter of law that defendants did not rescind the contract within a reasonable time. *Stovall & Strickland v. McBrayer,* 20 Ga. App. 93 (92 SE 543).

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 10, 1976 — REHEARING DENIED SEPTEMBER 23, 1976 — 

*Jeffrey L. Sakas,* for appellant.
*Albert A. Roberts,* for appellees.

ON MOTION FOR REHEARING.

Appellee's rehearing motion argues that in denying the motion to dismiss the appeal we overlooked the decisions of *Atlantic C. L. R. Co. v. McNair,* 96 Ga. App. 519 (100 SE2d 639) and *New England Mtg. Security Co. v. Collins,* 115 Ga. 104 (41 SE 270). Those cases dealt with the necessity of filing a motion for new trial in the court clerk's office in order to be valid.

It was not necessary to deal with the holdings in these cases because the record in this court contains an order by the trial judge stating expressly that the "defendants' Motion for New Trial was filed on December 23, 1975 within the time provided by law."

*Motion for rehearing denied.*