## 56473. TERI-LU, INC. et al. v. GEORGIA RAILROAD BANK & TRUST COMPANY.

DEEN, Presiding Judge.

Defendants, Teri-Lu, Inc., (Teri-Lu), Jack C. Terry and Helen L. Terry, appeal from an order of the trial court granting plaintiff's motion for summary judgment.

On April 10, 1974, the Terrys personally guaranteed a promissory note executed by them as president and secretary of Teri-Lu. The note was executed in favor of Leisure Living Communities, Inc., in the sum of $19,070.76. As security for the indebtedness, Teri-Lu conveyed a security interest in a parcel of real estate. The note and security interest were later assigned to plaintiff.

Upon default on the note, plaintiff notified defendants of its intention to collect attorney fees as provided in the note. On April 6, 1976, plaintiff exercised the power of sale contained in the security deed and the property was sold for $7,500 at the foreclosure sale.

On May 4, 1976, plaintiff petitioned the Superior Court of Lincoln County for confirmation of the sale and the court ordered that a copy of the petition be served upon defendants at least five days prior to the hearing. The hearing was held on June 15, 1976, and the court ordered the confirmation of the sale on March 3, 1977.

On March 15, 1977, plaintiff filed suit against defendants seeking to recover $6,601.16 (the balance due on the note after the proceeds of the foreclosure sale were deducted plus attorney fees). Defendants filed a timely answer and later filed a supplemental answer denying the validity of the assignment of the security deed and denied that Teri-Lu received notice of the confirmation hearing and counterclaimed in equity asking the court to set aside the confirmation order because of lack of notice.

1. Defendants contend that the trial court erred in granting plaintiff's motion for summary judgment because the trial judge erroneously ruled that plaintiff was the assignee and holder of Teri-Lu's note and security deed. Defendants argue that the assignment was invalid because a corporate resolution of Leisure Living Communities, Inc. requires the signatures of two corporate officers on an assignment of corporate property,

and that only the president signed because it was attested by the assistant secretary.

Under Code Ann. § 22-104 (c) such a document is required to be signed by the president or chief executive officer and his signature must be attested by the secretary or assistant secretary. The corporate resolution is silent as to the attestation requirement. As the document meets the codal requirements and the obvious intent of the resolution is to require the signatures of two officers in order to maintain close control over corporate property, and two officers did in fact sign the document, we find no error in the trial court's ruling that the assignment was valid.

2. Enumerations two through four contend that the trial court erred in its ruling that the defendants were properly notified of the confirmation hearing. The confirmation order states that the requisite notice was given to Teri-Lu but is silent as to the guarantors. " 'According to the common-law rule, adhered to at the present time in most of the States, the presumption in favor of the jurisdiction of a court of general jurisdiction is conclusive, and its judgment cannot be *collaterally* attacked where no want or jurisdiction is apparent of record. Whenever the record of such a court is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that whatever ought to have been done was not only done but that it was rightly done. . . The validity of a judgment when *collaterally* attacked must be tried by an inspection of the judgment roll alone, and no other or further evidence on the subject is admissible, not even evidence that no notice had been given.' " *Dupree v. Turner,* 99 Ga. App. 332, 333 (108 SE2d 171) (1959). The Terrys admit they received notice of the June 15 hearing. We find no merit in these enumerations.

3. In his final enumeration of error, appellant contends that the trial court erred in dismissing count two of its counterclaim, a suit in equity to set aside the order confirming the foreclosure sale alleging that defendants were not properly notified of the hearing as required under Code Ann. § 67-1505. Defendants admit that the Terrys were notified of the June 15, 1977, hearing, but contend that the letter contained no order continuing the

hearing originally set for May 21, 1977, or an order setting a new hearing on June 15.

Code Ann. § 67-1501 et seq sets no time period for scheduling the hearing. Code Ann. § 67-1503 requires the person instituting the foreclosure proceedings to "report" the sale to the judge of the superior court of the county in which the land lies for confirmation. Code Ann. § 67-1505 requires only that the debtor receive five days notice of the hearing. In the present case, plaintiff reported the sale to the judge within thirty days after the sale and the affidavit of O. Palmour Hollis, an attorney representing Georgia Railroad Bank & Trust Co., states: "At the hearing before the Honorable Robert G. Stevens on said petition by the court, the defendants were represented and appeared through their counsel, L. E. Maiorello, who announced that he was appearing for defendants, Teri-Lu, Inc., Jack C. Terry and Helen L. Terry." As appellants have not denied this allegation, it is deemed true. Therefore, in view of the Terrys' admission that they received notice of the hearing more than five days before the hearing, and counsel's announcement that he appeared to represent all the defendants, Teri-Lu waived notice of the hearing. "A person for whose benefit or protection a notice should be given may waive it . . ." 66 CJS 653, Notice, § 15. The trial court correctly ruled that any defects in the notice were waived by defendants' appearance at the hearing through counsel.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 2, 1978.

*Surrett, Thompson, Bell, Choate & Walker, James D. Walker, Jr.,* for appellants.

*Nixon, Yow, Waller & Caper, O. Palmer Hollis, Roy D. Tritt,* for appellee.