### 57321. BURKS et al. v. NEWTON et al.

DEEN, Chief Judge.

This appeal marks the second appearance of these parties before this court. See *Newton v. Burks*, 139 Ga. App. 617 (229 SE2d 94) (1976). Melvin F. Burks, Sr. and E. Jo Burks, husband and wife, brought an action against appellees for breach of contract. The appellees counterclaimed alleging breach of warranty of title and fraud. The case was tried before a jury and a verdict was returned in favor of the appellees awarding them $1,000 in damages.

1. As there was no objection made to the transfer of this case from state court to superior court, there is nothing for this court to review.

2. Appellants assign error to the trial court's refusal to charge the provisions of Code Ann. § 75-102 as

requested. This Code section provides: "A joint interest in the partnership property, or joint interest in the profits and losses of the business, shall constitute a partnership as to third persons. A common interest in profits alone shall not." Instead, the court charged: "Now a partnership may be created either by written or parol contract, or it may arise from a joint ownership, use and enjoyment of the profits of undivided property, real or personal. A joint interest in the business shall constitute a partnership as to third persons; a common interest in profits shall not." This charge is an incorrect statement of the law. "To constitute a partnership as to third persons there must be a joint interest in the partnership property or a joint interest in the profits and losses of the business. A common interest in the profits alone does not constitute a partnership." *Time Financial Services, Inc. v. Hewitt,* 139 Ga. App. 270 (228 SE2d 176) (1976). Therefore, the trial court erred in failing to charge that there must be "a joint interest in the profits and losses of the business."

As this judgment must be reversed, it is unnecessary to rule upon the remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Shulman, J., concur.*

SUBMITTED MARCH 7, 1979 — DECIDED APRIL 13, 1979 — REHEARING DENIED MAY 8, 1979 — 

*Albert A. Roberts,* for appellants.
*Kemper, Baker & Boswell, Joseph R. Baker,* for appellees.