63098. COLLINS et al. v. MARTIN.

BIRDSONG, Judge.

Confirmation of Foreclosure — Service of Process. Martin sold property to the Collins (father and son) who gave two promissory notes in payment with security deeds on the purchased property. The notes came into default and Martin foreclosed in September, 1980. Within thirty days, a petition for confirmation was filed and the trial judge executed a rule nisi showing he received notice within the time provided by law. The attorney for Martin personally served both Collins. Approximately ten days later and apparently because of intervening judicial pronouncements that service by an attorney for a party was insufficient, a judge of the superior court appointed

Martin's attorney as an officer of the court empowered to serve process for the court, nunc pro tunc to a time two days before actual service upon the Collins. At the time set for confirmation, the Collins moved on several grounds to deny the confirmation. Their motions were all denied. The Collins moved for a continuance while they filed a motion for interlocutory appeal. The right to file such a motion was granted by the trial court. That appeal was denied by this court. A confirmation hearing was then held in December, 1980. The trial court took the confirmation under advisement and in April 1981, ruled that service by Martin's attorney was insufficient and quashed such service notwithstanding the appointment by the superior court of the attorney as an agent empowered to make such service. At the same time, the court ordered that the petition for confirmation would remain extant and allowed a reasonable time for Martin to renew and perfect service on the Collins by an authorized officer of the court. That service was properly executed. At the subsequent confirmation hearing on June 12, 1981, the trial court confirmed the sale, finding that the proceedings were in conformity with law. The Collins bring this appeal contending in substance that the service of process over nine months after the filing of the petition for confirmation is totally insufficient to qualify as a petition filed within the 30 days required after foreclosure inasmuch as filing not followed by service of process is no filing at all. See *Railey v. State Farm Mut. Auto Ins. Co.*, 129 Ga. App. 875, 880 (201 SE2d 628). *Held:*

We reject this argument. Appellants, the Collins, were personally served, albeit in an irregular manner, well within the 30 days and filed an appearance and answer. After their motions were denied, the Collins entered a motion for a continuance in order to pursue an interlocutory appeal. It is the law of this state that a general appearance with a motion for continuance which is sanctioned constitutes a waiver to questionable service of process. See *Southern R. Co. v. Coleman,* 80 Ga. App. 227, 228 (55 SE2d 825); *Tate v. Leres,* 59 Ga. App. 6, 9 (200 SE 325). Moreover, appellants were both aware of the petition for confirmation, having been personally served. They appeared with attorney and were successful in litigating the issue of service, ultimately obtaining a quashing of the service. However, the trial court acting within its discretion concluded that the delay in effecting legally proper service of process of the confirmation petition, obviously sanctioned by the court, did not deny the Collins notice nor affect what amounted to compliance with service within 30 days of the foreclosure and more than five days before the confirmation hearing. See *Teri-Lu v. Georgia Bank &c. Co.,* 147 Ga. App. 860, 862 (250 SE2d 548); *Grizzle v. Federal Land Bank of Columbia,* 145 Ga. App. 385, 389 (244 SE2d 362). Allowing this case to

proceed to a decision on the merits was within the wide discretion of the trial court. *Scoggins v. State Farm Mut. Auto Ins. Co.,* 156 Ga. App. 408, 409 (274 SE2d 775). We find no merit in the enumeration advanced by appellant.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MARCH 4, 1982 —
REHEARING DENIED MARCH 22, 1982 —

*Glenville Haldi,* for appellants.
*Julian E. Gortatowsky,* for appellee.