## 40882. SOUTHERN DIVERSIFIED PROPERTIES, INC. v. BROWN.

(315 SE2d 901)

WELTNER, Justice.

Southern Diversified Properties, Inc., being indebted to Brown, gave to him a deed to secure debt with power of sale. On default, the creditor acquired the property under the power of sale, and obtained an order of confirmation of the sale. The debtor did not appear at the sale, nor at the confirmation proceeding.

Thereafter, the creditor initiated an action for a deficiency judgment, and the debtor, by answer and counterclaim, attacked the confirmation order. The debtor contended that the creditor had assured the debtor that the acquisition of the property through the sale would satisfy all of the debtor's obligation, whereby it had been induced, through such fraudulent representations, to take no action concerning either the sale or the confirmation proceedings.

To the counterclaim and answer the creditor filed a motion for summary judgment, contending that the counterclaim was an impermissible collateral attack upon the judgment of the court in the confirmation proceedings. The trial court agreed, citing *Jolly v. Egerton*, 132 Ga. App. 243 (207 SE2d 634) (1974), and granted the motion, from which the debtor appeals.

Independent of the merits of the debtor's contention, it nonetheless states a ground for equitable relief. " 'One of the most frequently recurring forms of fraud on the part of one litigant against the other, entitling the latter to relief in equity against the judgment finally entered, is the making of some agreement or representation for the purpose of preventing an appearance or defense in the original action . . . reliance upon which has had the effect intended.' " *Jordan v. Harber*, 172 Ga. 139, 163 (157 SE 652) (1931). And notwithstanding its appearance in the guise of a counterclaim, it is an action in the nature of a complaint in equity to set aside a judgment on the ground of fraud. OCGA § 9-11-60 (d). See *Teri-Lu v. Georgia R. Bank &c. Co.*, 147 Ga. App. 860 (3) (250 SE2d 548) (1978). Accordingly, the counterclaim cannot be dismissed as an impermissible collateral attack, and the case is remanded for disposition on the merits.

We note the existence in this case of a situation similar to that addressed in Division 2 of *Beaulieu of America v. L. T. Dennard & Co.*, 253 Ga. 21 (315 SE2d 889) (1984), to which attention is invited.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 22, 1984.

*Louis F. McDonald,* for appellant.

*Jack R. Hancock,* for appellee.